65 687
108 518
108 593

THOMASSEN, GUARDIAN, v. VAN WYNGAARDEN ET AL.

1. **Promissory Note:** INDORSEMENT: PRESUMPTION OF HOLDER'S CONSENT. Where an indorsement was made on a note while it was in the hands of the payee, the presumption must be indulged, in the absence of strong and convincing evidence to the contrary, that the indorsement was made with the knowledge and consent of the payee, upon the receipt of the money named in the indorsement.

2. **Trust:** PAYMENT TO TRUSTEE: BENEFICIARIES BOUND BY: FORM OF SIGNATURE TO RECEIPT. Where it fairly appears, from a receipt signed with the proper name only of one who was a trustee, that the money receipted for was received by her in her capacity as trustee, and not to her own use, and she had the legal right as trustee to receive and receipt for the money, *held* that the receipt was binding on the beneficiaries.

3. ———: PAYMENT OF INTEREST TO TRUSTEE: RECEIPT FOR. One who holds in trust for others the legal title to a note and mortgage may receive and receipt for interest thereon before or after it is due, and a receipt given for a certain sum in full for interest to a named date will bind the beneficiaries.

4. **Dry Trust:** WHAT IS NOT: PAYMENT TO TRUSTEE DISCHARGES DEBTOR. Where the legal title to a note and mortgage is vested in one for the benefit of others, and it is made his duty to collect the interest and principal when they fall due, and to guard the interests of the beneficiaries, the trust is not a mere dry one, so called, and payments made upon the note and mortgage in good faith to the trustee will discharge the debt *pro tanto*, and be binding on the beneficiaries,

*Appeal from Marion Circuit Court.*

WEDNESDAY, APRIL 8.

ACTION in equity to foreclose two mortgages. From the decree the plaintiff appeals.

*Bosquet & Earle*, for appellants.

*Gesman & Prouty* and *J. M. St. John*, for appellee.

SEEVERS, J.—The defendant, Wyngaarden, executed the following promissory note:

"$1,400. PELLA, IOWA, November 11, 1878.

"Six years after date, for value received, I promise to pay

to Jantie Van Wyngaarden, in trust for Gertruda Geradina Thomassen, Jana Thomassen, Wilhemina Thomassen, Johannes Thomassen and Jan Thomassen, heirs of Maarke Thomassen, deceased, or order, the sum of fourteen hundred dollars, payable at the First National Bank, Pella, Iowa, with interest, payable annually, at the rate of six per cent per annum from date until paid. Interest when due to become principal and draw ten per cent, and an attorney-fee of ten per cent if suit is commenced on this note."

The mortgages were given to Jantie Van Wyngaarden in trust for the beneficiaries named in the note, and it is provided in the mortgages that the mortgagor "shall pay or cause to be paid to the said Jantie Van Wyngaarden, in trust for the above-named parties, her executors and administrators, or assigns, the sum of $1,400, with interest thereon from date, according to the tenor and effect of the promissory note above stated;" then the motgage was to be void.

In March, 1881, Jantie Van Wyngaarden died, and in June following a portion of the land described in the mortgage was conveyed to J. S. Polk, one of the defendants, and who bound himself to pay the amount of the mortgage, with interest from January 1, 1882. It was pleaded as a defense that the interest up to that time had been paid. The mortgages provided that, in the event the interest was not paid as therein provided, then the whole debt became due. The beneficiaries are grandchildren of Jantie Van Wyngaarden, and are minors, and the plaintiff is their guardian. This suit was commenced in March, 1882, and the court found that there was nothing due at that time, but, as certain interest became due pending the litigation, which the defendant Polk had offered to pay, the court in the decree made suitable provisions in relation thereto, and retained the case on the docket, to the end, if said Polk should fail to pay the interest or principal as it should become due, that the mortgages could be foreclosed.

I. Counsel for the appellant insist that there is no suf-

ficient evidence showing that the interest due on the note up to January, 1882, has been paid. It is stated in the petition that the note and mortgages were delivered to the trustee therein named at the time they were executed. As nothing appears to the contrary, the presumption will be indulged that they remained in her possession until her death. The note was introduced in evidence by the plaintiff, and indorsed thereon is the following: "Nov. 11, 1879. Received on the within $84, as interest for the year 1878–1879, or the current year." The trustee died about four months after the indorsement purports to be made, and, as the note was in her possession during that time, the presumption must be indulged that the indorsement was made with her knowledge and consent, and that she received the amount of money therein stated. There is evidence showing that the indorsement is not in the handwriting of the trustee, and one of the beneficiaries named in the note testifies that no money was paid her by the trustee. This evidence is insufficient to warrant us in disregarding the indorsement on the note. In the absence of fraud, or strong and convincing evidence, the conclusive presumption must be indulged that the indorsement on the note was made with the knowledge and consent of the trustee.

*1. PROMIS-SORY note: indorsement: presumption of holder's consent.*

The defendants introduced in evidence a receipt in the following words, and proved that it was executed by the trustee:

*2. TRUST: payment to trustee: beneficiaries bound by: form of signature to receipt.*

"PELLA, IOWA, December 22, 1880.

"Received of Jan Van Wyngaarden the sum of one hundred and forty-seven dollars, as interest on a certain note, secured by mortgage, to me given by the said Jan Van Wyngaarden in trust, (for the beneficiaries above named;) this being in full up to January 1, 1882.

"JANTIE VAN WYNGAARDEN."

Counsel for the plaintiff insist that the receipt is signed by the trustee as an individual, and therefore the beneficiaries are not bound thereby. But we think it fairly appears from

the receipt itself that the money was received by the trustee as such. It was paid to and received by the person to whom it was payable by the terms of the note, and she will be charged as having received it in her capacity as trustee.

It is further insisted that at the time the receipt purports to have been executed but one year's interest, or $84, was

3. ——: pay- due, and that the trustee was not authorized to
ment of inter- receive the interest not due, and that the bene-
est to trustee:
receipt for. ficiaries are not bound by said receipt to any greater extent than the interest then due. For the reasons hereafter stated, we do not think this position is tenable.

Counsel further insist that the amount received, $147, was less than the amount of interest due up to January, 1882, and therefore the court erred in finding that the interest up to that time had been paid. It however is expressly stated in the receipt that the amount then paid was in full of such interest, and it is immaterial whether such amount was then paid or had been received at some prior time. In the absence of fraud or collusion, for the reasons hereafter stated, we think the trustee, as the legal owner of the note, could receive the interest due or to become due at such times and in such amounts as she saw proper; subject, however, to be held accountable at the instance of the beneficiaries for the faithful performance of the trust.

II. Counsel for the appellant insist that the trust created by the execution of the notes and mortgages is a simple or

4. DRY trust dry trust, and that the trustee in such a trust
what is not: does not have the power to manage and dispose
payment to
trustee dis- of the trust estate, and therefore the beneficiaries
charges
debtor. are not bound by what the trustee did. A simple or dry trust is defined to be one " where property is vested in one person in trust for another, and the nature of the trust, not being prescribed by the donor, is left to the construction of the law." Perry, Trusts, § 520. "There can be but few of these dry trusts; for, when there is no control, and no duty to be performed by the trustee, it becomes a

Thomassen, Guardian, v. Van Wyngaarden et al.

simple use, which the statute of uses executes in the *cestui que trust*, and he thus unites both the legal and beneficial estate in himself."

The trust under consideration is materially different; for it is so far declared as to cast on the trustee a duty for the performance of which she will be held accountable. It is made the duty of the trustee to receive and collect the interest and the principal when it becomes due. The legal title to the note and mortgages is vested in the trustee. It is her duty to preserve and protect the interest of the beneficiaries. But, in the absence of fraud or collusion, the trustee could satisfy the mortgages and acknowledge satisfaction of the debt, which would be binding on the beneficiaries. It is said that any one dealing with the trustee must see that money paid in the discharge of the trust was properly appropriated; but we do not think this is so, for the simple reason that the trustee was the legal owner of the note, and authorized to receive payment of both the principal and interest. An administrator in one sense is a trustee for the estate he represents; and yet he is the legal owner of the notes and mortgages belonging thereto. A person making him a payment is not bound to see that the money is properly accounted for.

The rule, it seems to us, should be the same in the case under consideration. The decree of the circuit court must be

AFFIRMED.