GRANT H. SCHLEY, Respondent, *v.* ROBERT L. FRYER, Appellant.

100   71
134  127

Where a conveyance is made, subject to a mortgage upon the premises, which the grantee, by the terms of the deed, "assumes," he thereby becomes personally liable for the mortgage debt; the covenant to assume is the equivalent of one to pay.

Where it appeared that the grantee in such a deed had given to another, by whom the purchase of the land was made, general authority to deal in real estate in his name, *held*, that he was bound by the covenant, although he permitted the ostensible agent to reap the benefits of his dealing, and although he did not know that the clause was in the deed, and never specially authorized its insertion.

(Argued June 15, 1885 ; decided October 6, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made December 18, 1882, which affirmed a judgment in favor of plaintiff, entered upon decision of the court on trial without a jury.

This action was upon an alleged covenant contained in a deed from Hugh Tunny to defendant.

The clause in the deed in question is as follows: " This conveyance is made subject to two certain mortgages of $4,000 each, which the party of the second part assumes, with interest."

Plaintiff as owner of the mortgages and accompanying bonds foreclosed the same, and claimed to recover herein a deficiency arising on sale. It appeared that the purchase of the land in question was made by W. J. Fryer, father of defendant, who had general authority from him to deal in real estate in his name, such dealings, however, to be for the benefit of the father. Defendant gave no special authority to his father to accept a deed containing such a clause, and never saw the deed in question, and did not know that it contained the clause in question.

*G. L. Stedman* for appellant. The defendant is not liable,

under the terms of the covenant in the deed, upon the bond or for the debt. (Thomas on Mortg. 11, 12, 16; *Carr* v. *Carr*, 52 N. Y. 251; *Severance* v. *Griffith*, 2 Lans. 38, 40; R. S. [7th ed.] 2195, § 140; *Culver* v. *Sisson*, 3 N. Y. 264; *Mack* v. *Austin*, 95 id. 513; 1 R. S. 738, § 139; 3 R. S. [7th ed.] 2195, § 139; *Pratt* v. *Huggins*, 29 Barb. 277; *Belmont* v. *Coman*, 22 N. Y. 438.) ' The grantee has never been held liable, except when the covenant was " to pay " or " assuming the payment." (*Burr* v. *Bier*, 24 N. Y. 178; *Garnsey* v. *Rogers*, 47 id. 233; *Campbell* v. *Smith*, 71 id. 26; *Marshall* v. *Davies*, 78 id. 414; *Calvo* v. *Davies*, 73 id. 211; *Cushman* v. *Henry*, 75 id. 103; *Hand* v. *Kennedy*, 83 id. 150; *Pike* v. *Seiter*, 15 Hun, 402; *Meyer* v. *Lathrop*, 10 id. 67; *Fleisch-auer* v. *Dollner*, 9 Abb. N. C. 372.) To constitute a covenant there must be an agreement or assent on the part of the one assuming to make it. A covenant in a deed given to one who received the deed in ignorance of the covenant, does not bind him. (*Kilmer* v. *Smith*, 77 N. Y. 226; *Albany Co. Sav. Bk.* v. *Burdick*, 87 id. 40.) Assuming an arrangement existed whereby W. J. Fryer was authorized to take titles in the defendant's name, these instances (none of them before the transaction) do not prove or constitute an agency of that kind. (*Condit* v. *Baldwin*, 21 N. Y. 219.) Power to purchase in the name of another does not confer or imply a power to make a covenant, note or bill in his name. (*Bank* v. *Bugbee*, 3 Keyes, 464; *Tabor* v. *Cannon*, 8 Metc. 456; *Page* v. *Stone*, 10 id. 160; *Smith* v. *Tracy*, 36 N. Y. 79; *Rossiter* v. *Rossiter*, 8 Wend. 494; *White* v. *Madison*, 26 N. Y. 117.) Receiving the proceeds without full knowledge of all that has been done is not a ratification. (*Baldwin* v. *Burrows*, 47 N. Y. 215; *Smith* v. *Tracy*, 36 id. 79; *Cle. Sav. Bk.* v. *Walker*, 66 id. 429; *Smith* v. *Kidd*, 69 id. 142 ) There is no ratification except with a full knowledge of the facts. (*Craighead* v. *Peterson*, 72 N. Y. 285; *Condit* v. *Baldwin*, 21 id. 224; *Benninghoff* v. *A. Ins. Co.*, 93 id. 501.) The rights of the plaintiff rest so entirely upon a valid agreement between the defendant and his grantor that he has no rights operating as an

estoppel against the defendant. (*Garnsey* v. *Rogers*, 47 N. Y. 233; *Burr* v. *Beers*, 24 id. 178.) A purchaser of a chose in action must always abide by the case of the person from whom he buys. (*Davis* v. *Austin*, 1 Ves. 247; *Schafer* v. *Reilly*, 50 N. Y. 61; *Bush* v. *Lathrop*, 22 id. 535.)

*Isaac Lawson* for respondent. Precise and formal words are not necessary, as in all other cases of contract the inquiry is, what was the intention of the parties. (*Belmont* v. *Coman*, 22 N. Y. 439.) The word "assumes" was clearly not used to express, as the appellant claims, that the defendant took the conveyance subject to the mortgage, as that he had done by express words in a preceding part of the same clause, and the words are entirely inapt to express such an idea. (*Sparkman* v. *Gove*, 27 Alb. L. J. 33; 44 N. J. 252; *Braman* v. *Dowse*, 12 Cush. 227; *Drury* v. *T. Imp. Co.*, 13 Allen, 168; *Stout* v. *Folger*, 34 Iowa, 71; *Locke* v. *Homer*, 131 Mass. 93; 41 Am. Rep. 199.) The facts clearly establish a general authority on the part of the father to deal in lands in the defendant's name, and to bind him by such covenants as the one here in question. (Story on Agency, §§ 17, 22, 54–57, 85, 89, 95, 97; Dunlap's Paley on Agency, § 199, note 209; 2 Kent's Com. 854, 857.) Not only does the evidence establish an original authority in the father sufficiently broad to cover the taking in the plaintiff's name of deeds containing covenants such as the one in question, but it also establishes a ratification thereof. (*Childs* v. *Clark*, 3 Barb. Ch. 52; *Gilbert* v. *Peteler*, 38 N. Y. 166; *Jumel* v. *Jumel*, 7 Paige, 594; *Dexter* v. *Harris*, 2 Mas. U. S. C. C. 454; *Lord* v. *Doyle*, 1 Cliff. U. S. C. C. 453; *Morriss* v. *Vandreise*, 1 Dall. 64; *Welles* v. *Butcher*, 2 Binn. 466; *Irvin* v. *Campbell*, 6 id. 119.) The general rule that ratification cannot be held to have taken place without full knowledge of all the facts is subject to this qualification, that the party against whom the ratification is claimed should not have had the means of knowledge. (*Davidson* v. *Stanley*, 2 Man. & G. 721; *Combs* v. *Scott*, 12 Allen, 497.) The principles of resulting trusts are applicable to personal property,

as stocks, bonds and mortgages, and the prohibition of the Revised Statutes only applies to resulting trusts in lands. (1 Perry on Trusts, 134, §§ 125, 130.) Even where the owner has voluntarily conferred the apparent absolute ownership upon another, it is only a *bona fide* purchaser for value who can defend against the equities of the real owner. (*Moore* v. *Met. Bk.*, 55 N. Y. 41; *Angell* v. *Bonn*, 38 Barb. 425; 1 Perry on Trusts, §§ 117, 125; 2 id., §§ 828–831; *Mayer* v. *Mordeci*, 1 So. Car. [N. S.] 398; 1 Perry on Trusts, 135, 13th subd. of note.) It is no defense that the assignment was, in fact, as security for George Lasher's indorsement of his brother's note, as the assignment on its face is absolute. (*Allen* v. *Brown*, 44 N. Y. 228; *Daby* v. *Emerson*, 45 id. 786; *Sheldon* v. *Wood*, 2 Bosw. 267; *Greene* v. *Ins. Co.*, 6 Hun, 128.) The defendant by assuming the mortgage became the principal debtor. (*Ayers* v. *Dixon*, 78 N. Y. 318.)

Earl, J. This action is based upon a clause in a deed of Hugh Tunney to the defendant which reads as follows : " This conveyance is made subject to two certain mortgages for $4,000 each, and which said party of the second part assumes with interest from the 22d day of August, 1871."

The defendant claims that the word " assumes " is not broad enough to impose a personal liability upon him to pay the mortgage in question. If it had been intended simply to provide that he should take the land subject to the two mortgages, the further language in this clause, in which the word " assumes " appears, would not have been necessary. Unless that word was used to impose a personal liability upon the defendant to pay, it was wholly unnecessary and serves no purpose and adds nothing to the force of the language used. A rule of construction requires us to give force and effect, if possible, to all the language used. That word is frequently used in deeds to impose a liability to pay upon the grantee, and we believe it is generally understood among conveyancers to impose such liability. Such effect has been given to the word when so used in several well-considered cases in other States.

(*Braman* v. *Dowse*, 12 Cush. 227 ; *Drury* v. *Tremont Imp. Co.*, 13 Allen, 168 ; *Locke* v. *Homer*, 131 Mass. 93 ; *Stout* v. *Folger*, 34 Iowa, 71 ; *Sparkman* v. *Gove*, 44 N. J. Law, 252.) The word must, therefore, have the same meaning which it would have if the words " to pay " followed it. If not, what does it mean ?

It is also claimed on the part of the defendant that as he assumed the mortgage merely which contains no covenant to pay, he did not become liable to pay the bond, and therefore incurred no personal liability. This construction of the language used would also render the latter portion of the clause quoted entirely useless. In that event the defendant simply took the land subject to the mortgages and assumed nothing. In cases of this kind where the grantee has been made personally liable by an assumption of a mortgage upon the granted premises, the liability has generally been imposed by an agreement or covenant to assume or pay the mortgage with no special reference to or designation of the mortgage debt or the bond to which the mortgage was collateral. Force must be given to the language used, and we think that it was the clear intention of the parties that the grantee should assume the payment of the mortgage debt, and not merely take the real estate subject to the mortgage. If the language does not mean that, what was its purpose and why was it used ?

We think, upon the evidence, that the defendant was bound by the clause in the deed quoted as if he had consciously and intentionally assented thereto. It is undoubtedly true that he did not know that the clause was in the deed, and that he never specially authorized its insertion therein. And it may be true that he never intended to be bound by such a clause. But it appears that his father had general authority to deal in real estate in his name. He could purchase real estate incumbered or unincumbered ; he could take titles affected with conditions and contingencies, perfect or imperfect, and with covenants running therewith, which might bind the grantee ; he could take deeds with or without covenants ; he could purchase upon credit or pay cash ; he could pay after deducting incumbrances

which were permitted to remain. It is quite common for the grantee of land to arrange a portion of the purchase-money by assuming an incumbrance, for which the grantor is liable. Such an assumption binds the grantee to pay no more than the purchase-price.

The defendant in this case is bound, just as he would have been if the dealing in real estate had been for his benefit instead of his father. The business was done in his name; he was the ostensible principal, and it matters not that he permitted his father to reap the benefits thereof. It cannot be presumed that a principal would object that his agent, having general authority to purchase real estate for him, should, as part of the purchase-price, assume the payment of mortgages upon such real estate. It cannot be said, therefore, by the defendant that this clause of assumption was unauthorized by him, as he was bound by what his authorized agent did.

Upon the facts found at the Special Term we do not think that the defendant was effectually discharged or released from his liability under the clause referred to.

The agreement of assumption, therefore, contained in the deed was binding and effectual against the defendant, and the judgment should be affirmed.

All concur, except RAPALLO, J., dissenting, and DANFORTH, J., not voting.

Judgment affirmed.