## FIRST NATIONAL BANK OF FLINT *v.* UNION CENTRAL LIFE INSURANCE CO.

1. BILLS AND NOTES—PROOF OF EXECUTION—PLEADING.

Under Circuit Court Rule No. 79, where suit is brought upon a draft against the drawer and an indorser, and both defendants plead the general issue, without denying the execution of the indorsement, it is unnecessary for the plaintiff to prove the genuineness of the indorser's signature, even as against the defendant drawer. *Lobdell* v. *Bank,* 33 Mich. 408, followed.

2. SAME—EVIDENCE—INDORSEMENT OF PAYMENT.

A general receipt of payment, indorsed on the back of a draft by the payee before acceptance and before notice of dishonor, raises no presumption of payment by either drawer or drawee.

3. SAME—TRANSFER BY INDORSEMENT.

The character of an indorsement of negotiable paper is not affected by the use of the words "Received payment" in connection with the signature of the indorser.

Error to Lapeer; Moore, J. Submitted November 8, 1895. Decided December 24, 1895.

*Assumpsit* by the First National Bank of Flint against the Union Central Life Insurance Company, impleaded with Gary E. Goodrich and John Rock, on a bill of exchange. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Affirmed.

*Durand & Carton (Lawrence Maxwell, Jr., Robert Ramsey,* and *John D. Conely,* of counsel), for appellant.

*Geer & Williams,* for appellee.

MONTGOMERY, J.   Plaintiff sues on a bill of exchange for $7,000, purporting to be drawn by the defendant insurance company on the American Exchange National Bank of New York, payable to the order of Gary E. Goodrich.   The draft was indorsed as follows:

"June 18, 1892.   Received payment.
          "GARY E. GOODRICH." ·

Below:  "JOHN ROCK."

And below these indorsements:

"I believe above signature of mine to be genuine.
          "GARY E. GOODRICH.
"Witness:  JAMES H. MCFARLAND to Goodrich's second signature."

Also:

"Pay to the order of National Park Bank, New York City, for collection, for account of First National Bank, Flint, Mich.
          "C. S. BROWN, Cashier."

The defendant life insurance company gave notice, under its plea of the general issue, that the possession of the draft was obtained by fraud, and that it was not, for this reason, the draft of defendant.   There was no denial of the execution of the indorsements by the indorsers. On the trial the defendant insurance company objected to the introduction of the writing in evidence for the reason that the genuineness of the signatures of the indorsers was not proven, and for the further reason that the indorsement, "Received payment.  GARY E. GOODRICH,"— was *prima facie* evidence of the payment of the draft by the party bound to make payment, and no evidence of an indorsement made with the purpose of transferring

title. The additional certificate of the circuit judge, which we have permitted to be filed, shows that the case was submitted under an understanding that these were the only questions involved. The objections raised were overruled, and the defendant insurance company brings error.

1. Circuit Court Rule 79 is as follows:

"Upon the plea of the general issue in an action upon any written instrument, under seal or without seal, the plaintiff shall not be put to the proof of the execution of the instrument or the handwriting of the defendant, unless the defendant or some one in his behalf shall file and serve a copy of an affidavit denying the same, and this rule shall apply in actions brought against indorsers as well as other parties."

This is a rule of practice which has been long since construed by this court, and while, if the question raised by defendant were new, we would consider the arguments addressed as of great weight, we think that this judicial construction placed upon the rule by the court which promulgated it should, in determining a question of practice, be controlling. The question was directly decided in *Lobdell* v. *Bank*, 33 Mich. 408. On the argument it was suggested that the report of the case did not necessarily show that the question was raised by the objection of the maker alone, but that the objection might have been a joint objection by all the defendants, in which case the question presented would be different from that here involved; but, from an examination of the manuscript record in that case, it appears that the question arose upon the objection of the maker alone, and there is no room to distinguish that case from this.

2. What is the meaning of the words, "Received payment," appearing above the signature of the indorser? It is undoubtedly the rule, as contended by defendant's counsel, that a receipt of payment on the back of a note or accepted bill is *prima facie* evidence of payment by the

person legally obligated to pay, namely, the maker or acceptor (*Graves* v. *Key,* 3 Barn. & Adol. 313; *Scholey* v. *Walsby,* Peake, 34), although it is said that slight circumstances will overcome the presumption (Byles, Bills, 439). In the present case there was no acceptance of the draft, so that at the time of the indorsement, June 18, 1892, there was no liability on the part of the drawee, and there was no immediate liability on the part of the drawer, for the reason that there was no notice of dishonor. Under such circumstances, we think the presumption of payment by either of these parties is overcome. The presumption is somewhat analogous to that arising from the possession of a draft, and the rule is that the possession of a draft before maturity or acceptance raises no presumption that it has been paid. 3 Rand. Com. Paper, § 1476. See, also, *Pfiel* v. *Vanbatenberg,* 2 Camp. 439.

We think no error was committed, and the judgment will be affirmed, with costs.

The other Justices concurred.