WIENZYSTAW WORONIEKI *vs.* PSZERNIENIA PARISKIEGO.

First Judicial District, Hartford, October Term, 1901.

TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

General Statutes, § 874, provides that if a defendant intends to contro·vert the execution or delivery of any written instrument "sued upon," he shall deny the same in his answer "specifically." *Held :—*

1. That a written instrument which is set up in the complaint as a link in the plaintiff's chain of title is one "sued upon," within the meaning of the statute.

2. That to deny an averment "specifically" it must be singled out and denied apart from others in the same paragraph with which it is connected: it is not enough to deny generally all the allegations of the paragraph.

An admission that a deed purporting to be that of a corporation was duly executed, necessarily implies that the natural person or persons who assumed to execute it in behalf of the corporation had due authority for that purpose, and that the seal affixed thereto is the common seal of the corporation.

A corporation may be variously described in the same instrument without prejudicing its rights, if, upon a view of the whole, it appears with reasonable certainty that but one and the same corporation was in the mind of the parties. Accordingly, the translation of the proper corporate name, previously used in the instrument, into a foreign tongue in the signature, is immaterial.

An assignment of a negotiable note and mortgage, by way of a gift, creates a right of action in the assignee which he can transfer to others.

Argued October 3d—decided December 20th, 1901.

ACTION to foreclose a mortgage of real estate, brought to the Superior Court in Hartford County and tried to the court, *Elmer, J.;* facts found and judgment rendered in

favor of the plaintiff, and appeal by the defendant for alleged errors in the rulings and findings of the court. *No error.*

*Hugh O'Flaherty* and *David Kempner*, for the appellant (defendant).

*Philip J. Markley*, with whom was *Bernard F. Gaffney*, for the appellee (plaintiff).

BALDWIN, J.  The plaintiff's title to the mortgage in suit rests on two assignments. The first was one from the St. Michael Archangel Society, a corporation which was the mortgagee, to another corporation, the Trustees of the Parish of the Sacred Heart of Jesus; and the second was one from the latter to the plaintiff. Paragraph 3 of the complaint reads thus : —

" On the 26th day of July, A. D. 1897, the said St. Michael Archangel Society, for value, by an instrument in writing duly executed, sold, assigned, and transferred all its right, title and interest in and to said mortgage, and to the said note intended to be secured by said mortgage, unto the trustees of the Parish of the Sacred Heart of Jesus, a corporation duly organized under the laws of this State, and located in said New Britain, which said instrument or assignment is recorded in New Britain Land Records in Volume 14, page 17, Manuscript Records."

This paragraph was denied by the answer; and the main question is whether under such a general denial the defendant could dispute the due execution or delivery of the first assignment.

By General Statutes, § 874, if a defendant intends " to controvert . . . the execution or delivery of any written instrument . . . sued upon," he is required to " deny the same in his answer specifically." Any written instrument is sued upon, within the meaning of this statute, which is set up in the complaint as a link in the chain of title. The first assignment was so pleaded in paragraph 3, and its

execution and delivery were admitted by putting in a general denial of the entire paragraph. This contained averments that the assignment was given for value, and properly recorded, and that the assignee was a corporation duly organized. All these facts were, and but for the statute the execution and delivery of the paper also would have been, put in issue by the denial. The defendant was bound to single out and specifically deny the execution and delivery, if it desired to controvert them. To claim that right under a general denial would be to frustrate the object for which the statute was enacted.

An admission that a deed purporting to be that of a corporation was duly executed, necessarily implies that the natural person or persons who assumed to execute it in behalf of the corporation had due authority for that purpose. The deed now in question described the grantor as the St. Michael Archangel Society incorporated by a private act of the General Assembly, and subsequently referred to it as "the said The Society of St. Michael Archangel." It was signed thus:

"THE SOCIETY ST. MICHAL ERSHENGEL,   (L. S.)
          By   JOHN ZUJKO,                    (L. S.)
               PETER SAMARZEVSKY,   (L. S.)
               SIMON JEZIERSKY,             (L. S.)
                                                    "Trustees."

The common seal of the St. Michael Archangel Society was stamped upon it. In the certificate of acknowledgment the grantor was described as "The Society St. Michael Archangel."

Under these circumstances, the objection to the introduction of the paper in evidence, on the ground that it did not support the averment of an assignment from the St. Michael Archangel Society, was rightly overruled. The proper corporate name was used in the granting clause. That in the signature it was partly translated into a foreign tongue is immaterial. A corporation may be variously described in the same instrument without prejudicing its rights, if upon

a view of the whole it appears with reasonable certainty that but one and the same corporation was in the mind of the parties. It clearly does so appear in the present instance.

Exception is taken to the finding that the seal affixed to the deed in question was the common seal of the corporation. No proof of this was offered, except the instrument itself; but none was required. The admission of the due execution of such a paper, when the assignor is a corporation, necessarily involves an admission that if a seal be affixed, it is a proper seal. If the St. Michael Archangel Society had a common seal, no other could have been properly used. The seal which the assignment bore, purporting to be a corporate seal, the trial court was therefore justified in finding that it was such.

Exception is also taken to the finding that the assignment was made for a valuable consideration. Whether it was or was not so made was immaterial, and the allegation in the complaint respecting it was surplusage. The assignment of the note and mortgage, though it were a gift, would none the less have created a right of action in the assignee which it could transfer to the plaintiff. The note was a negotiable one and bore this indorsement in blank:

> "THE SOCIETY ST. MICHAEL ERSCHENGEL
>        By JOHN ZUIKO
>            PETER SAMARZEVSKY
>            SIMON JEZIERSKY,
>        "Trustees St. Michael Society."

It was introduced without objection and, as the answer had specifically admitted that such a note had been given by the defendant for a just debt, was, when produced by the plaintiff, *prima facie* evidence that it had become his property. No evidence to the contrary was introduced.

There is no error.

In this opinion the other judges concurred.