ISABELLE ARCARI *vs.* FRANK STROUCH ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 3d, 1931—decided January 19th, 1932.

*Milton Nahum,* with whom, on the brief, was *Julius Apter,* for the appellant (defendant).

*William F. Vail,* for the appellee (plaintiff).

AVERY, J. This action was brought under General Statutes, § 5489, which permits a mortgagee to maintain an action in his own name against a grantee of the mortgaged premises who, in his deed, assumes and agrees to pay the mortgage encumbrance. *Colchester Savings Bank* v. *Brown,* 75 Conn. 69, 71, 52 Atl. 316. The plaintiff, Isabelle Arcari, sued the defendant Fannie Meyers and six others to recover a balance overdue upon a note secured by a third mortgage upon real estate in Hartford, which note the plaintiff alleged the defendants assumed and agreed to pay in various conveyances of the property to them. All the defendants, except Fannie Meyers, defaulted. She appeared and answered the complaint, denying that she had assumed and agreed to pay the mortgage and the indebtedness thereby secured.

From the finding, it appears that on November 30th, 1923, Morris Aronson executed his promissory note for the sum of $7296, to the order of Barney Sohn, secured by a third mortgage on real estate then owned by Aronson, Nos. 1344 to 1348 Albany Avenue, Hartford. On that date, the premises were subject to a first mortgage for $20,000, a second mortgage for $12,500, which latter was dated November 27th, 1923, and payable $500 semiannually. The note secured by the third mortgage is now owned by the plaintiff, it having been transferred to her by the indorsements of Sohn

· and others. The mortgage securing this note is also owned by the plaintiff, having been assigned to her by her husband.

By deed, dated April 30th, 1924, Aronson conveyed the property to Saul L. Peizer, an attorney at law, and brother of the defendant Fannie Meyers. In this deed, Peizer assumed and agreed to pay the mortgages upon the property specifically set forth, including the one owned by the plaintiff. On the same date, Peizer conveyed the property by a quitclaim deed, properly witnessed and acknowledged, to his sister, the defendant Fannie Meyers. The deed contained the following assumption clause: "Said premises being subject to mortgages aggregating $38,800 which the grantee herein assumes and agrees to pay." The deed from Peizer was not put upon record at that time, but was retained by him and put upon record some ten months later, when the defendant Meyers sold the property.

The court has found that this assumption clause was inserted in the deed from Peizer to the defendant Fannie Meyers with full authority from her and with her knowledge. The principal contention of the defendant on this appeal is that she had no knowledge of the assumption clause in the deed to her, and that it was inserted without her authority; and, for the purpose of attacking the conclusions of the trial court upon this point, she asks addition to the finding of some forty-eight paragraphs of her draft-finding and the elimination from the finding of three full paragraphs and parts of four others.

From the subordinate facts found by the court, it appears that in 1924, and prior thereto, Peizer, defendant's brother, and a man of considerable experience in real-estate transactions, was practicing law in Hartford. He acted as attorney and adviser to his sister in various matters, and she at all times sought

his advice and guidance in matters concerning real estate. He discussed with his sister the advisability of her purchasing this property, and suggested that she should purchase it with some cash which her husband had left her in order that the income from this property, together with the property adjoining which was owned by her, might be sufficient to furnish her with considerable additional income for her support. He advised her to buy this property and she accepted and followed his advice. The purchase price was $45,000. She furnished $6000 in cash for the purchase, and immediately upon execution of the deed, went into possession of the premises, and acted as owner until she sold them on February 28th, 1925. During the ten months' period, while the record title stood in Peizer's name, she collected the rents, amounting to about $340 a month; paid the instalment of principal and interest which became due November 3d, 1924, on plaintiff's mortgage as well as the instalment of principal and interest on the two prior mortgages; and also paid the taxes, charges of upkeep, etc., on the property. Shortly before February 28th, 1925, Peizer obtained two purchasers for the property, but they refused to buy unless they could also buy the premises adjoining owned by the defendant. February 28th, 1925, she sold and conveyed both properties to these purchasers. Peizer represented her in this transaction. He prepared the deed from her to the purchasers in which the encumbrances on each of the properties were set forth with an assumption agreement, wherein she directed that her grantees assume and pay the encumbrances specifying them including the plaintiff's mortgage. This deed, which was executed by the defendant, recited the fact that the premises transferred were the same conveyed by Peizer to her April 30th, 1924, and the description was taken from the deed from Peizer

to her. It is clear upon the evidence that the defendant entrusted the entire matter of the purchase of the premises and the terms upon which they should be bought to the judgment and discretion of Peizer without instructions or limitation. The assumption of the mortgages in the purchase of the property was within the authority thus reposed in him and the finding of the trial court, that he had authority to insert the assumption clause in his deed to her, was justified. *Schley* v. *Fryer*, 100 N. Y. 71, 2 N. E. 280. But whether Peizer had authority to insert in his deed to the defendant the clause assuming the mortgages or whether she had actual knowledge of the fact that he did this, is not of consequence, because the defendant clearly ratified the transaction. As the trial court finds, she was the real purchaser and owner of the property. The knowledge of Peizer as her agent in the transaction would be imputed to her. *Corsello* v. *Emerson Brothers, Inc.,* 106 Conn. 127, 134, 137 Atl. 390; *New York, N. H. & H. R. Co.* v. *Russell,* 83 Conn. 581, 593, 78 Atl. 324; *Smith* v. *Water Commissioners,* 38 Conn. 208, 218; *Watson* v. *Wells,* 5 Conn. 468, 474. It is true that in the transaction he received a commission from the seller of the property, but the trial court has not found that the fact of his acting for both parties was unknown to the defendant and resort to the evidence, all of which the defendant has brought before us, discloses that he himself, called as a witness by her, testified that she knew that he was receiving this commission and nowhere in the record is there evidence to the contrary. He was not acting in a manner hostile to her interests or for his own individual benefit so as to repel a conclusion .that he communicated to her the real facts of the transaction. *Pentino* v. *Gallo,* 107 Conn. 242, 140 Atl. 105. The knowledge so imputed to her was the equivalent of actual knowledge.

When, charged with it, she entered into the premises, collected the rents, paid instalments due upon the mortgages, and finally transferred the property to grantees who in turn assumed the mortgages, the conclusion is inevitable that she ratified his conduct in inserting in the deed to her the provision as to the assumption of the mortgages. This case differs radically from *Raffel* v. *Clark*, 87 Conn. 567, 89 Atl. 184, in that there the court expressly states that the circumstances attending the execution, delivery and acceptance of the deed were not such as charged the grantee with actual knowledge of the insertion of a clause assuming mortgages upon the property.

Another claim of the defendant can be disposed of briefly. The assignment of the mortgage to the plaintiff was made by her husband to her. The court found that this assignment was for a valuable consideration. Testimony shows that the consideration was love and affection. If the finding were corrected to show this, it would not affect the plaintiff's rights. Even if the assignment were made by way of a gift to the plaintiff, she would still have the right to enforce the same. *Woronieki* v. *Pariskiego*, 74 Conn. 224, 227, 50 Atl. 562.

The plaintiff offered the note in evidence, and upon the back thereof was an indorsement showing the balance of the note on January 21st, 1924, to be $6146, importing, the plaintiff claimed, the payment of an instalment of principal, January 21st, 1924, of $1150. The note by its terms permitted the prepayment of any part of the principal. The defendant objected to the indorsement on the note being received as evidence that there had been a payment on account of principal on January 21st, 1924, of $1150. This objection was overruled by the court, and exception taken by the defendant. This ruling of the trial court was correct.

When a note comes from the possession of the party seeking to enforce payment, all indorsements of payment thereon are prima facie evidence that such payments have been made in the amounts and on the dates appearing in the indorsements. *Chamberlain* v. *Chamberlain,* 116 Ill. 480, 6 N. E. 444, 446; *Ewing's Admrs.* v. *Ewing,* 26 Ky. L. Rep. 580, 82 S. W. 292; *First National Bank* v. *Union Central Life Ins. Co.,* 107 Mich. 543, 65 N. W. 759; *Bell* v. *Campbell,* 123 Mo. 1, 25 S. W. 359, 363; *Rhodes* v. *Guhman,* 156 Mo. App. 344, 137 S. W. 88, 94; *Young* v. *Alford,* 118 N. C. 215, 23 S. E. 973, 975; *Thomassen* v. *Van Wyngaarden,* 65 Iowa, 687, 22 N. W. 927, 928; *Chapman* v. *Smoot,* 66 Md. 8, 5 Atl. 462, 464; 8 Corpus Juris, § 1321.

The trial court has found that the amount due upon the mortgages, when Aronson conveyed to Peizer and Peizer to the defendant, was approximately $38,800, and the defendant attacks this finding. An examination of the evidence discloses the undisputed fact that by the terms of the mortgages then on the premises there was due $39,796, but that before the date of the conveyances $1150 had been paid on the mortgage involved in this action, so that there was actually due upon them at that time $38,646. The deed from Aronson to Peizer and from Peizer to the defendant, as parts of one transaction, must be read together. *Sherman's Sons Co.* v. *Industrial & Mfg. Co.,* 82 Conn. 479, 481, 74 Atl. 773. The deed from Aronson to Peizer correctly describes the first and second mortgages and describes the third mortgage by naming the owners of it, but overstates the amount due, in disregard of the payment of $1150 which had been made upon it. There can be no question that the intent of the assumption clause in the deed to the defendant was to include the same three mortgages. Where from the terms of the conveyance or by extrin-

sic evidence the mortgages intended by an assumption agreement can be definitely determined and the assumption agreement is capable of application to them, such an error in overstating the amount of one of them as occurred in this instance will not defeat a recovery. *New York Life Ins. Co.* v. *Aitkin,* 125 N. Y. 660, 673, 26 N. E. 732; 2 Jones, Mortgages, 918. In *Schwager* v. *Buzanosky,* 101 Conn. 186, 189, 125 Atl. 373, the deed in question included an agreement to assume a third mortgage on which there was due an unpaid balance of $800, when in fact the entire amount of that mortgage, $1380, was due, and the agreement was not capable of a sensible application to the situation as it actually existed. That case is therefore readily distinguishable from the one before us.

There is no error.

In this opinion the other judges concurred.