42   415
62   193

### BYRON W. PEASE *vs.* HENRY ODENKIRCHEN.

The statute (Rev. of 1866, p. 481, and Rev. of 1875, p. 359,) provides that when certain kinds of personal property are mortgaged by a deed particularly describing the property, and executed, acknowledged and recorded in the same manner with mortgages of lands, the retention of possession by the mortgagor shall not impair the title of the mortgagee. *S* by such a deed mortgaged a machine (which was within the statute,) to the plaintiff, the deed describing it as "in the mortgagor's possession at Plymouth," where both parties then resided. A year after *S* removed to the adjoining town of Bristol, taking the machine with him, and holding it in his possession there for a year longer,

when it was levied upon and sold on execution as the property of *S* by the defendant, as his creditor, the defendant becoming the purchaser. The defendant had no actual knowledge of the mortgage until the day of the sale, when the plaintiff appeared and gave notice of it before the sale. The removal of the machine to Bristol was without the knowledge of the plaintiff; he however learned of it soon after, but took no action in the matter. In replevin brought by him to recover the property, it was held—

1. That the mere removal of the property to Bristol did not affect the plaintiff's title to it.
2. That after the plaintiff learned of the removal he was not bound to have his mortgage recorded again in Bristol.
3. Nor to take legal steps for gaining possession of the mortgaged property.
4. That he was not, upon the facts, equitably estopped from asserting his title.
5. That he could maintain replevin without a previous demand, either upon the defendant or upon the mortgagor.

REPLEVIN for goods unlawfully detained; brought to the Superior Court in Litchfield County, and tried to the court on the general issue, with notice, before *Sanford, J.*

The question in the case was, whether the plaintiff had title to, or a right to the possession of, a certain paper-box machine, known as a straw board cutter, and was entitled to recover the same of the defendant. The plaintiff, to prove his title, offered in evidence the following mortgage of the machine, from one William G. Smith.

"Know all men by these presents, that I, William G. Smith, of the town of Plymouth, in Litchfield County, Connecticut, for the consideration of four hundred and twenty-five dollars, received to my full satisfaction of Byron W. Pease, of said Plymouth, have bargained and sold, and do by these presents, bargain and sell, unto the said Byron W. Pease, one certain paper box machine, H. B. Bigelow's manufacture, now in my possession at Plymouth aforesaid; and I do, for myself and my executors, agree to warrant and defend to the said Pease, his executors, administrators and assigns, the said machine. The condition of this deed is such that, whereas I am justly indebted to the said Pease, by book, in the sum of four hundred and twenty-five dollars, due and payable to the said Pease on demand, now therefore, provided I shall well and truly pay the same, together with lawful interest, according to its tenor, and shall save said Pease harmless, then this

deed shall be null and void, otherwise valid and effectual. In witness whereof I have hereunto set my hand and seal at Plymouth, this 31st day of May, A. D. 1870."

This mortgage was executed by Smith, the mortgagor, under seal, was witnessed and acknowledged in the same manner with mortgages of real estate, and was recorded upon the records of deeds of the town of Plymouth.

In connection with this mortgage the plaintiff offered evidence, and proved, that at the time of the execution of the mortgage, Smith, the mortgagor, was the owner of the machine, that the same was then placed and used in a manufacturing establishment in the town of Plymouth, and that on the day of its execution the mortgage was duly recorded on the land records of that town, that the mortgage debt was still due and unpaid, and that demand of payment had been made by him upon Smith previous to the commencement of the suit. The defendant objected to this deed, and to this evidence, and the same was received by the court subject to the objection.

The defendant offered evidence, and proved, that the machine, after the execution of the mortgage, was removed by Smith from the town of Plymouth to the adjoining town of Bristol, in Hartford county, which removal it appeared was without the knowledge of the plaintiff, and took place in May, 1871, but that the plaintiff knew of it soon after, and suffered Smith to retain possession of the machine at Bristol for about a year, after which time all the right, title and interest of Smith in and to the machine was levied upon by an execution against him in favor of the defendant, and was sold by the officer making the levy in due form of law to the defendant, for the sum of fifty-five dollars, he being the highest bidder therefor. And the defendant also proved that he had no actual knowledge of the mortgage until the day of the execution sale. The plaintiff, however, was present at the sale, and gave the defendant full notice in regard to his claim and right, and the defendant purchased the right of Smith in the machine after the information had been given him.

The defendant further proved that the mortgage was not

recorded in the town of Bristol, and that the plaintiff did not in any way give actual notice of his claim of title to the machine to the defendant till the execution sale, and that no such notice was given by Smith; and that Smith, during all the time of his possession of the machine at Bristol, used it in his business.

The defendant, after the execution sale, without the knowledge of the plaintiff, removed the machine and placed it upon the cars for transportation to the town of New Haven, where the defendant resided; whereupon the plaintiff brought the present action, and it was admitted by him that no demand, after the execution sale, was made by him upon the defendant, for the machine, previous to the commencement of the suit.

Upon these facts the defendant claimed that the machine was the property of Smith, and liable to be sequestered for the payment of his debts; that the plaintiff was estopped from setting up his title under the mortgage deed; that if he ever had any title, he had by his negligence lost it; that the conduct of the plaintiff in permitting Smith to keep and use the machine in the manner found, was in fraud of the rights of the creditors of Smith, and enabled him to obtain credit of the defendant and others, and that the plaintiff could not maintain his action till after a demand had been made upon the defendant for the possession of the machine. But the court overruled these claims, admitted the mortgage in evidence, and rendered judgment for the plaintiff to retain the machine, and recover nominal damages and costs.

The defendant moved for a new trial for error in these rulings of the court.

The statute under which the mortgage in question was made, is as follows: (Gen. Statutes, Rev. 1866, p. 481.)

"Whenever the owner of the machinery, engines or implements situated and used in any manufacturing or mechanical establishment, shall mortgage the same without the real estate, by a deed in which such machinery, engines and implements shall be particularly described, and which shall be executed, acknowledged and recorded in all respects as mortgages of

lands are required to be; such mortgage shall be good and effectual, although the mortgagor shall retain possession of the mortgaged property. And if the mortgagor shall fail to perform the condition of the mortgage, the mortgagee may bring his petition to the court having jurisdiction within the county in which such manufacturing or mechanical establishment is situated, for liberty to sell said mortgaged property to satisfy the debt for which the same is mortgaged; and said court may order, &c."

*Graves*, in support of the motion.

1. The statute authorizing a mortgage of machinery in a manufacturing or mechanical establishment without the real estate, provides that the mortgage " shall be executed, acknowledged and recorded in all respects as mortgages of lands are required to be." It also provides that the mortgagee may bring his petition to the court having jurisdiction within the county in which such establishment is situated, in case of default on the part of the mortgagor. These provisions clearly imply that the machinery is to remain in the mechanical establishment, and is to have a local relation, like land, to the place of registry and the court which is to have jurisdiction upon a petition for its sale. The registration of deeds is not so much for the benefit of grantors and grantees, as to prevent subsequent purchasers and attaching creditors from being imposed upon by fraud. *Pettibone* v. *Griswold*, 4 Conn., 162; *North* v. *Belden*, 13 id., 380; Schouler on Pers. Prop., 541. The plaintiff's title by virtue of the mortgage therefore ended when, by his acquiescence, the mortgagor removed the property into Hartford county, unless he caused his mortgage to be recorded in Bristol, where the property had become located.

2. The plaintiff, by suffering the mortgagor to retain possession of and use the machine in Hartford county for a year, without any notice of his claim, was guilty of such gross negligence as amounts in law, where the rights of *bonâ fide* third parties are concerned, to a fraud. The transaction not only became constructively fraudulent, but its operation was to

defraud such creditors as Smith might have in Bristol by reason of his open possession and use of the machine. 1 Story Eq. Jur., §§ 389, 391; 2 id., § 781.

3.  The plaintiff, upon the facts found, is estopped from setting up his title under the mortgage deed. He had permitted the mortgagor to retain possession and use the property in another county, without any notice whatever, actual or constructive. The record of the mortgage in Plymouth cannot be considered as constructive notice to any persons in Bristol. The possession of Smith in Bristol was *primâ facie* as the absolute owner, and the plaintiff in permitting that possession is concluded from denying that he was owner. He is to be considered, so far as the rights of third parties are concerned, as having consented thereto. Such possession enabled Smith to obtain credit of the defendant and others, looking to this property as their security. If the plaintiff can, under these circumstances, enforce his title, then he will be permitted to take advantage of his own wrong, and be enabled to perpetrate a fraud upon the defendant. 1 Swift Dig., 174; Schouler's Pers. Prop., 553, and note 5.

4.  The defendant gave credit to Smith, relying, as he had a right, upon this property for his pay; he levied his execution thereon, and the same was sold in all respects according to law. The fact that the plaintiff on the day of sale gave notice of his claim, does not alter the rights of the parties. The notice should have been given before the defendant was induced to give credit to Smith; and if not then, yet clearly after the attachment by the defendant and before the levy of execution.

5.  Upon the facts as found the defendant was the *bonâ fide* purchaser of the machine, and the plaintiff cannot sustain his action against him without a previous demand. The fact that at the sale the plaintiff gave notice of his claim does not excuse the demand. The original taking by the defendant was not tortious, but was a *bonâ fide* attachment, without any notice of any claim of title except in Smith. The defendant had every reason to believe the machine belonged to Smith, and the conduct of the plaintiff in permitting Smith to retain

the same, justified the defendant in honestly believing Smith to be the absolute owner of the property. The plaintiff's remaining silent until the hour of the sale rendered the notice of very little force. *Parker* v. *Middlebrook*, 24 Conn., 207; *Woodruff & Beach Iron Works* v. *Adams*, 37 id., 233; *Lynch* v. *Beecher*, 38 id., 490.

6.   The plaintiff cannot sustain this action because, at the time of the sale upon the execution, he was not in the posses sion, actual or constructive, of the machine, nor was he enti-tled to the immediate possession, as he had not upon his part previously thereto asserted any right under his mortgage, or made a demand of the mortgagor. *Skiff* v. *Solace*, 23 Verm., 279; 1 Smith Lead. Cas. (H. & W. ed.), 657, 659.

*Fenn*, contra, contended—1. That the title of the mortgagee was not affected by the act of the mortgagor in removing the property; citing *Ashmead* v. *Kellogg*, 23 Conn., 70, 76; *Bal-lard* v. *Winter*, 39 id., 179; *Brackett* v. *Bullard*, 12 Met., 310; *Brigham* v. *Weaver*, 6 Cush., 301; ·Schouler on Pers. Prop., 541, 544, 547.—2. That the plaintiff upon the facts was clearly not chargeable with negligence, nor could the posses-sion of the mortgagor be regarded as constructively fraudu-lent.—3. That no demand was necessary; citing 1 Swift Dig., 536; *Parker* v. *Middlebrook*, 24 Conn., 207; *Lynch* v. *Beecher*, 38 id., 490, 493; *Rockwell* v. *Bradley*, 2 id., 1; *New Haven Savings Bank* v. *McPartlan*, 40 id., 90.

Loomis, J.   The question in this case is, whether the facts appearing in the motion show such title or right in the plain-tiff to the possession of a certain machine described in the declaration, as is required by law to maintain the action of replevin for goods unlawfully detained?

If the plaintiff has any title to the machine in question, it is by virtue of a chattel mortgage from one Smith to the plaintiff, made and recorded pursuant to the provisions of the General Statutes, Revision of 1866, p. 481, sect. 4.

The mortgage deed, with the accompanying evidence, was objected to by the defendant, and its admission by the court

is made a ground for the motion for a new trial; but as the facts are all found, and the question of evidence is necessarily involved in the question of title, it need not be separately considered.

The plaintiff's mortgage was in proper form, and duly executed and acknowledged on the 31st of May, 1870, and recorded on the same day in the office of the town clerk of the town of Plymouth, where the property was then situated and used. The machine was particularly described, the debt mentioned in the condition of the mortgage was honestly due, and in short every provision of the statute was fully complied with, and by the express terms of the statute "such mortgage shall be good and effectual although the mortgagor shall retain possession of the mortgaged property."

The plaintiff then at the outset shows a perfect mortgage title in himself. If such title remained in him at the commencement of this suit it is sufficient, for, by the general rules of law, " a mortgagee of chattels has the legal title or general property, even before the debt is due, liable to be defeated by redemption; and a right to immediate possession unless otherwise agreed." 2 Hilliard on Mortgages (4th ed.), p. 343, § 3; *Brackett* v. *Bullard,* 12 Met., 308.

It must be conceded that the plaintiff's title was originally perfect, and so continued for nearly a year, and it still continues unless it has been in some way conveyed or lost by the act or fault of the plaintiff. Has the plaintiff done anything or omitted to do anything, whereby he has lost his right, or can be estopped from asserting it?

1. The property in May, 1871, was removed from Plymouth, in Litchfield county, to Bristol, in Hartford county. But this was not the act of the plaintiff. The mortgagor removed it without the knowledge or consent of the plaintiff, and surely his title cannot be taken away by the unauthorized act of another.

2. But the defendant claims that after the plaintiff was informed of the fact of such removal, he ought to have recorded his mortgage in the town of Bristol.

It would seem quite anomalous to record in Bristol a mort-

gage which expressly describes (as this does) the property as situated and used in the town of Plymouth. If therefore anything is required, a new mortgage or some new statement would be more appropriate, describing truly the situation of the property at the time.

But we pass from this to the more important question—what the statute requires of the mortgagee in the event of a removal of the property from one town to another. The statute is entirely silent on this subject, and we do not see how any such requirement as is claimed can be fairly implied from any of its provisions.

And in so construing the statute we derive strong confirmation from the well considered case of *Brigham* v. *Weaver*, 6 Cush., 298.

This was an action of trover. The plaintiff claimed title under a mortgage pursuant to a statute which enacted that "every mortgage of personal property, whenever the mortgagor shall retain possession thereof, shall be recorded as well by the clerk of the town where the mortgagor resides, as by the clerk of the town in which he principally transacts his business or follows his trade or calling."

The facts relied upon by the defence were, that after the mortgage was recorded the mortgagor changed his place of business by removing to another town in Massachusetts, taking with him the mortgaged chattels; that the plaintiff, although he knew of such removal, did not cause the mortgage to be recorded anew in the town to which the mortgagor removed his business; and that, after such removal, the defendants bought the chattels of the mortgagor, without actual notice of the plaintiff's mortgage. The court held that these facts constituted no defence, and Metcalf, J., in delivering the opinion of the court, announced the general principle as follows:—" When a mortgagee has once recorded his mortgage according to law he has acquired a perfect mortgage title to the property, and he is not bound to do any further act in order to preserve that title unless plainly required by law. But we cannot find that he is so required by the statutes last cited. They require him to record his mortgage in the town

where the mortgagor resides and in the town where he transacts his business.   One record in each of these towns is all that is expressly required, and nothing further is necessarily implied."

The reasoning of the court in *Hoit* v. *Remick*, 11 N. Hamp., 285, also strongly supports the position we have taken.

3.    But it is further claimed that the policy of our law for the prevention of fraud, if it does not require the plaintiff to have his mortgage recorded in the town to which the property had been removed, at least required him to take legal steps to regain possession.

The doctrine of the common law as held with great rigor in this state is, that continued possession by the vendor after a sale of personal property raises a presumption of fraud, which cannot be repelled by any amount of evidence showing the transaction to be honest and for valuable consideration. But there may be a legal excuse for the retention of possession; and where the facts and circumstances amount to a presumption of law that the retention of possession by the vendor is consistent with the sale, the presumption of fraud is overcome.

In *Osborne* v. *Tuller*, 14 Conn., 529, it was held that a valid assignment for the benefit of creditors under the statute of 1828, was a sufficient legal excuse for the retention of possession by the assignor.

In the present case, where a mortgage is executed and recorded in accordance with the provisions of a statute which declares the mortgage good and effectual "although the mortgagor shall retain possession," there is more than a presumption of law that the retention of possession is consistent with the sale; there is the explicit declaration of a public statute to that effect.   Our argument on this point of course assumes that we are right in our construction of the statute.   It would doubtless have been more in accordance with our rigorous policy to prevent fraud and false credit arising from continued possession in the vendor, if the statute had provided for recording mortgages anew in case of a removal from the town; but it is the duty of the court to construe the statute as it is, and not add to it or amend it by construction.

4. The result of our reasoning is, that the plaintiff has sufficient title to enable him to sustain this action, unless he has done some act whereby he is estopped from setting up his title; and such a defence is made in this case. The facts however do not sustain it.

It does not even appear that the mortgagor held himself out as owner, except what is implied from bare possession and use; much less does it appear that the plaintiff knew or had any reason to suppose he was so doing. There is no evidence to show that the defendant's claim against the mortgagor was contracted after the removal to Bristol, or that credit was given to the mortgagor on the faith of this title being in him, or that the defendant was in any way misled to his prejudice by anything the plaintiff did or omitted to do.

5. The only remaining question is, whether the plaintiff had a right to the immediate possession of this property at the time of bringing his suit. The claim is made that, as he had done nothing to assert his right under the mortgage, and had made no demand of the mortgagor or of the defendant, he cannot recover.

The cases cited in behalf of the defendant on this point do not well sustain the position taken.

In the case of *Skiff* v. *Solace*, 23 Vermont, 279, there was an express provision in the mortgage itself that the mortgagor should retain possession of the property until default.

We consider it well settled as a rule of law that a mortgagee of chattels has the immediate right of possession, unless it is otherwise agreed in the mortgage. 2 Hilliard on Mortgages, (4th ed.,) p. 343, § 4; *Stewart* v. *Hanson*, 35 Maine, 506; *Ferguson* v. *Clifford*, 37 N. Hamp., 86. In the present case there is no provision in the mortgage allowing the mortgagor to have the possession.

It is suggested that the defendant, as a purchaser of this chattel, occupies a different position from the mortgagor, and that in his case a demand was necessary before bringing the suit. We think not. It was decided in *Partridge* v. *Swazey*, 46 Maine, 414, that a mortgagee may bring replevin against a vendee of the mortgagor without a demand. And upon the

facts appearing in the motion we cannot concede to the defendant the position of a bonâ fide purchaser from a party in possession, clothed with the apparent ownership, because, "after the title of the lawful owner had been fully made known to him, he made the purchase and assumed dominion over the property." *Parker* v. *Middlebrook*, 24 Conn., 207.

A new trial is not advised.

In this opinion the other judges concurred.