### ALBERT KIRKBRIDE vs. BESSIE A. BARTZ.

First Judicial District, Hartford, October Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

A complaint on a non-negotiable note alleged to have been executed and delivered to the plaintiff is not demurrable for not averring that the plaintiff was its owner and possessor at the commencement of the action.

A mortgagee of chattels has no power to sell them unless authorized to do so in the mortgage or by a subsequent agreement to that effect between the parties; and a sale, if made without such authority, would not extinguish the mortgagor's equity of redemption.

Where interest is due and is not included in the verdict, the jury may be returned for a further consideration under the authority conferred by § 756 of the General Statutes.

Under § 746 a plaintiff may be allowed to remit the amount of a verdict in excess of the sum claimed in his complaint, and take judgment accordingly.

This court cannot consider the propriety of the trial court's action in denying a motion to set aside a verdict as against the evidence, unless such evidence is made part of the record.

Submitted on briefs October 5th, 1909—decided January 4th, 1910.

ACTION to recover the amount of a non-negotiable promissory note, brought to the Court of Common Pleas in Litchfield County where a demurrer to the complaint was

overruled and the cause was afterward tried to the jury before *Welch, J.;* verdict and judgment for the plaintiff, and appeal by the defendant. *No error.*

*Homer R. Scoville,* for the appellant (defendant).

*William W. Bierce,* for the appellee (plaintiff).

RORABACK, J. The plaintiff's amended complaint states that "on March 5, 1898, the defendant, by her note, promised to pay the plaintiff $300 one year after date with interest at the rate of six per cent. per annum. Before the execution and delivery of said note the plaintiff lent to the defendant $300, and said note was executed and delivered to the plaintiff by the defendant in consideration of and as evidence of said loan."

The answer denied the allegations of the complaint, and also averred that the plaintiff loaned a sum of money to the husband of the defendant, and took in return a conditional bill of sale of certain articles of personal property belonging to the defendant and her husband jointly, and that about two years thereafter the plaintiff took possession of said goods in full satisfaction of the money loaned. The plaintiff in reply denied that he took possession of the chattels in satisfaction, and also alleged that the defendant gave him a chattel mortgage to secure the note, and that she afterward sold the mortgaged property to one Phelps, and that the plaintiff, at the defendant's request, released his interest in the mortgaged property to Phelps for $10, which was applied as part payment on the note.

Upon the issues of fact thus raised the case was submitted to the jury, who first returned a verdict for $290. The court then said to them, in substance: I think I shall return you to the jury-room to consider the question of interest. I think perhaps you did not understand the charge. If the plaintiff is entitled to recover anything, he is entitled to re-

cover the amount of his claim as principal, with interest, with the deduction of $10 paid in 1900; you are to compute interest up to the present time, at the rate of six per cent. The jury again retired, and in a few minutes were called in by the judge, who remarked as follows: "The court sent you back to further consider the verdict in this matter, under the impression that interest had not been computed. If the interest was computed and is included in the $290, why then the court will not ask you to do anything further." The jury came in again for the purpose of asking a question upon another subject-matter, which was properly answered by the court. Subsequently they returned a verdict for the plaintiff to recover $464.83. The verdict thus rendered exceeded the amount demanded in the *ad damnum* clause by $64.83. The court accepted this verdict. Afterward the plaintiff in writing remitted from the judgment rendered the sum of $64.83, and moved that judgment be rendered to conform with the *remittitur*. This motion was allowed, the final judgment being for the plaintiff to recover $400 damages with his costs.

The absence in the complaint of allegations that the plaintiff was the owner and in the possession of the non-negotiable note in controversy is not a ground of demurrer. Practice Book (1908), Form 212, p. 382. See *Lord* v. *Russell*, 64 Conn. 86, 29 Atl. 242.

An examination of the writing given as security for the payment of the note shows it to be a chattel mortgage of the goods and chattels of the defendant.

The court properly refused to charge the jury in conformity with the defendant's request, that this instrument, "being properly executed, acknowledged and recorded, transferred the legal title or general property in the articles therein described to the plaintiff so that the plaintiff was the owner of them whether he actually took possession or not." This document did not confer upon the mortgagee any authority to sell the defendant's property. It being a mort-

gage with no power of sale, the mortgagor had an equity of redemption which could not be extinguished by the plaintiff's simply selling the property for value, as suggested by the defendant in his second request to charge.  On this point the court, in its charge, after stating that this was an action on a promissory note and not a mortgage security, observed that what had been said in regard to the mortgage title had no bearing except upon the point as to whether this loan had been paid.  "The chattel mortgage of itself did not make him owner; that is, the mortgage given simultaneously with the note did not make him owner, or in itself entitle him to absolute possession of it, so he could sell it. There must be an additional agreement between him and the defendant.  She must have surrendered to him possession of the property to make it applicable for part payment of the note."

These instructions, when considered in connection with the issues raised under the pleadings, and what has already been said in relation to the defendant's request to charge, show that the defendant's exceptions upon this branch of the case are without merit.

The action of the trial court in returning the jury to a further consideration of the question of interest was a proper exercise of the power conferred by the General Statutes, § 756.

The defendant's claim that the jury was sent out the fourth time to consider their verdict is not borne out by the record.

Having found the issues for the plaintiff, the plaintiff was entitled to interest, and the jury was so instructed.

In this class of cases the law furnishes a precise and definite rule for the assessment of damage, which the jury had ignored in their first verdict.  The verdict was for $464.83, while the *ad damnum* of the writ was but $400.  Under the rule of damages as laid down by the court, the amount found to be due was warranted by the evidence, but the

plaintiff could recover no greater sum than he had declared for. It was within the province of the court to allow the plaintiff to reduce his verdict to the amount asked for in his *ad damnum,* and then to render judgment accordingly. General Statutes, § 746; *Brown* v. *Woodward,* 75 Conn. 254, 263, 53 Atl. 112.

The claim that there was error in denying the defendant's motion to set aside the verdict as against the evidence, cannot be considered by this court, as the evidence is not made a part of the record.

There is no error.

In this opinion the other judges concurred.