GENERAL MOTORS ACCEPTANCE CORPORATION *v.*
LAURA M. POWERS

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued May 4—decided July 25, 1950

*John R. Thim* and *Anthony I. Wells,* for the appellant (plaintiff).

*Ralph R. Rakosky,* for the appellee (defendant).

Inglis, J. The question to be decided upon this appeal is whether replevin may be had by a chattel mortgagee for the possession of the personal property mortgaged when the instrument contains a provision giving him the right of possession upon default. The complaint alleges that Laura M. Powers gave the Grody Chevrolet Company a chattel mortgage on a Cadillac automobile to secure a debt of $312.24 which was to be paid in twelve monthly payments of $26.06 each. It contained the following provision: "3. In the event of default in payment of any instalment or sum payable hereunder . . . the full amount shall be immediately due and payable, and the mortgagee, or any sheriff or other officer of the law, may take immediate possession of said property without demand (possession after default being unlawful). . . . In the event said property is so retaken, the mortgagee may sell and dispose of the same at public or private sale, notice of

which is hereby expressly waived, with or without having said property at the place of sale, and upon such terms and in such manner as mortgagee may reasonably determine; mortgagee may bid at any public sale. From the proceeds of any such sale, mortgagee shall deduct all expenses for retaking, storing, repairing and selling said property. The balance thereof shall be applied to the total amount due; any surplus shall be paid over to the mortgagor, and in case of a deficiency, mortgagee may recover, and mortgagor shall pay, the same with interest." It is further alleged that the Grody Chevrolet Company assigned the mortgage to the plaintiff, that Mrs. Powers was in default in her payments and that she was wrongfully in possession of the automobile although demand had been made upon her to deliver it to the plaintiff.

Upon that complaint the car was replevied by the plaintiff. Thereafter, Mrs. Powers was adjudicated a bankrupt and the trustee in bankruptcy, hereinafter referred to as the defendant, intervened and filed a demurrer. The ground of the demurrer is, in substance, that replevin is not a remedy available to a mortgagee who seeks to obtain possession of personal property which has been mortgaged to him pursuant to the statutes. The plaintiff assigns as error the sustaining of the demurrer.

The statutes referred to in the demurrer are now General Statutes, §§ 7265-7276. They provide that chattel mortgages of all tangible personal property except household furniture may be made in the manner prescribed therein, but that they shall not be valid against a person other than any party thereto until they are filed in specified town clerks' offices. Section 7274 provides in part: "When such personal property is mortgaged, the mortgagee or his successors, heirs or assigns, upon the breach of the condition of the mort-

gage, may bring a complaint claiming the sale of the mortgaged property and upon such complaint, the court may order the sale of the same or so much thereof as may be necessary to satisfy such debt and costs of prosecution." Section 7275 reads as follows: "A mortgagee or his successor or assign, upon instituting foreclosure, may make application for immediate possession of the chattels mortgaged, and if it appears that possession by the mortgagee or an officer of the court is necessary pending foreclosure to safeguard the security, the court may make such orders pertaining to possession as are necessary."

The contention of the defendant is that the purpose of these statutes is to protect mortgagors of personal property by assuring them a chance to redeem after they have made default. He says that, inasmuch as the statutes provide ample protection to a mortgagee by authorizing foreclosure with a means of obtaining immediate possession of the property if that is necessary, that remedy is exclusive to the extent that the mortgagee is precluded from any remedy by way of replevin.

It is not true that the prime purpose of the statutes in question is to protect the interests of chattel mortgagors. In 1832 the General Assembly passed an act providing that mortgages of machinery in any cotton or woolen factory, if properly executed and recorded, "shall be good and effectual, although the mortgagor or mortgagors shall retain possession of said machinery." This act also provided a method for the foreclosure of such a mortgage. Statutes, 1838, p. 72, § 2. Since then, the statutes relating to chattel mortgages have been broadened from time to time to include more and more kinds of personal property which may be mortgaged without transfer of possession until now they include all tangible personal property except

household furniture. Each of the earlier laws, like the present, contained a provision authorizing foreclosure. Nothing in the present act indicates that the legislature had any other intention than to extend the laws to apply to a still wider variety of personal property. The real purpose of all of this legislation has been to create exceptions to the general rule of the common law that, as against third parties, the retention of possession of personal property in the mortgagor renders the mortgage invalid. *Bickart* v. *Sanditz,* 105 Conn. 766, 771, 136 A. 580; *Safford* v. *McNeil,* 102 Conn. 684, 688, 129 A. 721. Its purpose has not been to affect any rights or obligations as between the mortgagor and the mortgagee. *Hartford-Connecticut Trust Co.* v. *Puritan Laundry, Inc.,* 95 Conn. 172, 180, 111 A. 149. The reasons for the enactment of the legislation were not such as to indicate that it was intended to give the mortgagor greater protection than he had at common law, or, in particular, to restrict the mortgagee to the foreclosure proceedings provided in it as his only remedy.

Section 7274 does not on its face specify that the remedy of foreclosure provided in it is exclusive. It does provide that, upon default, the mortgagee "may bring a complaint claiming the sale of the mortgaged property." The language is permissive. The implication is clear that upon default he may proceed under the statute or he may do nothing or he may pursue any other remedy that he may have. This act is not one in the construction of which it is necessary to interpret the word "may" as mandatory in order to make the statute effective to carry out the legislative intent. See *Lake Garda Co.* v. *LeWitt,* 126 Conn. 588, 590, 13 A. 2d 510, and cases cited. Nor is it necessary for the protection either of the mortgagor or of third persons who have an interest in the mortgaged property that the mortgagee be compelled to proceed by

way of foreclosure rather than by some other method. There is no reason to interpret "may" in this statute as meaning "must."

In *Windsor Trust Co.* v. *Champigny*, 105 Conn. 615, 622, 136 A. 556, we said by way of dictum with reference to a claim that the lien of a chattel mortgage on tobacco was transferred to an order representing the proceeds of the sale thereof: "[I]n a strict sense that could hardly be, in view of the fact that the sole means of enforcing such a mortgage is by sale of the mortgaged property under order of court; General Statutes [Rev. 1918] § 5206." Obviously, what was meant was that a sale under order of court was the sole means provided by the statute in question for enforcing the mortgage. It is apparent that other remedies might be provided by agreement of the parties, because the opinion goes on to say: "[B]ut, no doubt, there might be such a general agreement among the parties interested as would have the effect of impressing a lien upon the proceeds of the order." In other words, if all that the mortgagee has is a bare chattel mortgage, the only method he has of enforcing his security against the will of the mortgagor is by foreclosure. *Kirkbride* v. *Bartz*, 82 Conn. 615, 617, 74 A. 888. If, however, in addition to the pledging of the property as security for a debt an agreement is made by the parties for some additional method of enforcement, that method is available to the mortgagee. *Pietrantonio* v. *Scalo*, 120 Conn. 524, 527, 181 A. 628; *Clark* v. *Whitaker*, 18 Conn. 542, 549.

The parties in the case before us expressly agreed that in the event of a default the mortgagee might take possession of the personal property. There can be no question about the validity of such an agreement. 10 Am. Jur. 813, § 150. With that express provision in the chattel mortgage, the mortgagee was not limited in the enforcement of its mortgage to the

method of foreclosure provided by the statute. Note, 88 A. L. R. 912. It had, and its assignee now has, the right to pursue any other remedy made available by reason of the provision in the contract.

"The action of replevin may be maintained to recover any goods or chattels in which the plaintiff has a general or special property with a right to their immediate possession, and which are wrongfully detained from him in any manner. . . ." General Statutes § 8251. A chattel mortgagee, when his mortgage includes a power of sale, has a right of general property in the mortgaged property. *Talcott* v. *Meigs*, 64 Conn. 55, 59, 29 A. 131; *Pease* v. *Odenkirchen*, 42 Conn. 415, 422; see *Kirkbride* v. *Bartz*, supra, 617; *Personal Finance Co.* v. *Lyons*, 128 Conn. 254, 257, 21 A. 2d 652. The mortgage in the present case gave the right of immediate possession if a default occurred. In addition, it expressly provided that possession by the mortgagor after default would be unlawful. A default has occurred. Thus all of the prerequisites fixed by the statute for an action of replevin have been satisfied. Eager, Chattel Mortgages & Conditional Sales, § 180; see *Pease* v. *Odenkirchen*, supra, 425. The plaintiff, as assignee of the original mortgagee, has all the rights given to the mortgagee by the mortgage. *Arcari* v. *Strouch*, 114 Conn. 200, 205, 158 A. 222. Accordingly, it has the right to seek to obtain possession of the automobile by replevin. The defendant's demurrer should have been overruled.

There is error, the judgment is set aside and the case is remanded with direction to overrule the demurrer.

In this opinion the other judges concurred.