In the Matter of NEW IDEA YANKEE TOGS, INC., Bankrupt.

No. 56, Docket 28939.

United States Court of Appeals Second Circuit.

Argued Oct. 7, 1964.

Decided Dec. 7, 1964.

George A. Hahn, Hahn, Hessen, Margolis & Ryan, New York City, for trustee-appellant.

Asher Fensterheim, Fensterheim & Fensterheim, New York City, for respondent.

Before LUMBARD, Chief Judge, and HAYS, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge:

In this action the Trustee in Bankruptcy has sought to have a chattel mortgage on certain tangible personal property of the Debtor, located in South Norwalk, Connecticut, declared null and void because the mortgage instrument failed in two particulars to conform to the strict requirements of the Connecticut statutes. The two defects alleged by the Trustee were: first, that the executed mortgage was not witnessed, though the statute called for two witnesses and, second, that the terms of repayment were not fully set forth in the instrument because the mortgage note contained an acceleration provision which could become operative on the termination of a separate finance agreement between the mortgagor and mortgagee, the terms of which were not disclosed. The Referee found that the chattel mortgage and note were valid. On review of the order of the Referee, the District Court affirmed.

The mortgagee, Rosenthal & Rosenthal, Inc., makes a strong appeal on the equities of the case to be saved from what appear to be mere technicalities. It points out that the two witnesses requirement derives from § 7265 of the Connecticut Statutes, Rev. of 1949, as amended, which says that chattel mortgages are to be "executed, witnessed and acknowledged as are deeds of land" and because this reference is made to deeds of land it claims that all other statutes dealing with conveyances of land are thereby automatically incorporated in and made applicable to chattel mortgages. If this were so, the validating acts passed subsequently to the date of the defective mortgage in this case would have healed the lack of two witnesses. Moreover, § 7087 of the Connecticut Statutes, which makes valid conveyances of Connecticut real estate by instruments executed in and in conformity with the laws of another state, would, if it were held applicable to chattel mortgages, make two witnesses unnecessary because the instrument in this case was actually executed in New York and in conformity with New York law.

Both the validating acts and § 7087, however, are carefully limited to "conveyances of real property" and "a conveyance of real estate." Chattels are not mentioned and there is no basis on which to predicate a finding of general legislative intent that conveyances or mortgages of all kinds of chattels be included.

The words relating to the formalities attending the mortgaging of chattels in § 7265 of the Connecticut Statutes that they shall be "executed, witnessed and acknowledged as are deeds of land" do not show an intention on the part of the legislature that chattel mortgages be treated in all respects as mortgages of real property, but rather reflect the early history and beginnings of chattel mortgages in Connecticut in which possession could be retained by the mortgagor. The first statute was in 1832 and applied

only to machinery in a cotton or woolen factory. For a number of years and through a number of amendments to the statute, the underlying concept was to make the provision applicable only to personal property closely identified in its function and intended use to particular real property. In Morris v. Grinnell, 51 Conn. 481 at 483, in a case concerning a chattel mortgage of 1881 on machinery in a factory, the Supreme Court of Errors of Connecticut said:

"It is easy to see the statute treats personal property of the character of that described in this statute, as real estate, so far as mortgages of it are concerned. * * * Personal property of this description is different from other personal property."

On the strength of this it found that the validating acts of 1882 and 1883 cured the defect of only one witness in the chattel mortgage though the validating acts referred only to conveyances of real estate.

In 1945, however, the legislature for the first time, barring a few minor exceptions, applied the chattel mortgage statute not merely to the quasi real estate kind of tangible personal property but to all kinds of personal property, except household furniture which formerly had been included. General Motors Acceptance Corp. v. Powers, 137 Conn. 145, 75 A.2d 391 (1950).

In Prof. Starr's illuminating comments on the Uniform Commercial Code and the statutory provision for chattel mortgages before the adoption of the Code, West's Conn. General Stats., Annotated, Vol. 20, page 377, he says:

"The first chattel mortgage act which provided broad general coverage was enacted in 1945 (C.G.S.A. § 49–93 et seq.). It was an entirely new approach so far as coverage was concerned but it was not new so far as formalities were concerned. As in the earlier acts, the chattel mortgage must be 'executed, witnessed and acknowledged as are deeds of land.' There was no attempt to bring the formalities into line with those of the conditional sale contract, which required acknowledgment but no witnesses. The old act, though decidedly different in many respects, required witnesses and so the new chattel mortgage act also required them."

■ The chattel mortgage is a creature of statute and the technical requirements of the statute cannot be altered or mitigated by importing and applying equitable principles which have attached to real estate mortgages. Nor in the absence of a suggestion of legislative intention is there any justification or authority for the mortgagee's claim here that the defect in the chattel mortgage is taken care of either by the validating acts or by § 7087 concerning a conveyance executed outside of Connecticut.

■ The other question raised by the appellant concerned the acceleration clause of the note which, by its terms, became operative on the termination of a finance agreement between the mortgagor and mortgagee, but the finance agreement itself was not recorded and its terms were not disclosed. This clearly made the time of repayment uncertain as far as the recorded instrument was concerned. It is no less technical a departure from the statutory provision and equally as fatal as the omission of the date of the note incorporated in the body of the mortgage in the case of In the Matter of Waterbury Packing Co., Inc., 309 F.2d 743 (2 Cir. 1962), in which this court held that the Connecticut chattel mortgage statute is to be strictly construed against the mortgagee. Bickart v. Sanditz, 105 Conn. 766, 136 A. 580 (1927); Safford v. McNeil, 102 Conn. 684, 129 A. 721 (1925); and In re American Metal Products Co., 276 F.2d 701 (2 Cir. 1960).

The judgment is reversed and the cause is remanded.