[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is the defendants' motion to strike the plaintiff's revised complaint which seeks to replevy certain personalty. CT Page 10976
The defendants' assert two bases for this motion. First, the defendants claim that the revised complaint fails to state a valid cause of action in replevin because no allegation of wrongful detention of the subject property is set forth. The second ground for the motion to strike is that the revised complaint fails to contain an allegation that the plaintiff demanded return of the property and the defendants refused to satisfy the demand.
A third ground with respect to joinder became moot earlier.
 I
As to the first ground, the failure to allege wrongful detention, the court agrees with the defendants and holds that wrongful detention is a necessary allegation in order to set forth a valid cause of action for replevin.
Replevin is a purely statutory action, Staub v. Andersen,152 Conn. 694, 695 (1965). General Statutes Sec. 52-515 states that a replevin action to recover personal property may be maintained where a plaintiff has a property interest in the property "with a right to immediate possession and which [property is] wrongfully detained" (emphasis added).
In the revised complaint, paragraph 4, the plaintiff avers that the defendants "have failed, neglected and refused to return" the personalty to the plaintiff and "prevented the plaintiff from removing same." Paragraph 6 states that the plaintiff has "the right to immediate possession." Nowhere in the revised complaint does the plaintiff state that the detention is wrongful, nor does the complaint set forth factual allegations supporting an inference of wrongfulness. The revised complaint merely alleges detention without a claim reflecting on the legal propriety of that detention.
Section 52-515 and its predecessors make the right to immediate possession merely one of the conditions required before a replevin action will stand, Robinson v. Atterbury, 135 Conn. 517,520, (1949). The prerequisites to establish a valid replevin action are enumerated in General Motors Acceptance Corp. v. Powers,137 Conn. 145, 151 (1950). That case lists both the right to immediate possession and unlawful detention as prerequisites and treats them as separate and distinct concepts, Id. CT Page 10977
Because the revised complaint lacks any reference to or factual allegations supporting unlawful detention, the motion to strike is granted on this ground.
 II
The defendants also contend that the revised complaint is deficient because it fails to allege that the plaintiff demanded return of the property and that the demand remains unmet. A survey of Connecticut cases regarding this issue indicates that the necessity of establishing an unrequited demand varies depending on the manner in which the property was acquired by the current possessor. If the party in possession was aware of the plaintiff's potential interest in the goods at the time the property was obtained, demand for return appears unnecessary.
In Pease v. Odenkirchen, 42 Conn. 415, 425, (1875), an attaching creditor learned of the replevying mortgagee's interest in property before that creditor purchased the chattel at an execution sale. Our Supreme Court held that no demand for return was necessary to complete a claim for replevin. In Wooley v.Williams, 105 Conn. 671, 678 and 679 (1927), that Court also held that, as between a chattel mortgagee and mortgagor, no demand for return need precede institution of a replevin action. In Patchin v. Rowell, 86 Conn. 372, 378 (1912), however, it was held that if the party in possession was a bonafide purchaser of the property, and by definition, unaware of the plaintiff's interest, demand and refusal to comply within a reasonable time is a prerequisite to a valid replevin claim.
In the present case, the revised complaint alleges, in paragraphs 2, 3, and 4 that possession of the personal property was acquired by the defendants through condemnation of the real property in which the personal property was located. Assuming the allegations of the revised complaint to be true for purposes of evaluating this motion to strike, the defendants are not good faith purchasers of the personalty in their possession. Having obtained possession of the chattel by way of condemnation proceedings with respect to the building in which the items were located, the defendants had reason to know others might claim an interest in these items. The nature of the acquisition of the property more closely resembles the fact patterns of Pease v. Odenkirchen, supra, and Wooley v. Williams, supra, than that of Patchin v. Rowell,
supra. CT Page 10978
The court concludes that no demand for return of the property is necessary before this replevin action could proceed. Therefore, as to this ground of the motion to strike, the revised complaint is sufficient.