CONNECTICUT MUTUAL LIFE INSURANCE COMPANY, Respondent, v. SIMON MAYER, Appellant.

November 11, 1879.

1. Where the grantee of mortgaged premises assumes the payment of the debt, the mortgagee is not bound by the relation of principal and surety thus established as between the mortgageor and his grantee; and where the mortgageor is sued for a balance due on the secured note, after foreclosure, he cannot defend on the ground that his grantee had been permitted by the mortgagee to remove certain personalty included in the mortgage.

2. The mortgageor's consent will not authorize waste by the mortgageor's grantee; and where, by the grantee's act, the security is diminished, the mortgageor's remedy is against his grantee.

APPEAL from the St. Louis Circuit Court.

*Affirmed.*

E. T. ALLEN, for the appellant: Respondent, as *cestui que trust*, occupies the position of a mortgagee. —*Shillaber* v. *Robinson*, 97 U. S. 68, and cases cited bottom p. 72 *et seq.* If facts alleged in answer would have supported a bill for relief, they are available as a defence. — Bliss on Code Pl., sect. 347, citing *Dobson* v. *Pearce*, 12 N. Y. 150. Where a mortgageor sells land to a purchaser, who assumes to pay the mortgage debt as a part of the consideration, " the land is the primary fund for the payment of the debt," and, " as between the parties, the grantee is the principal debtor, and the grantor the surety." — *Marsh* v. *Pike*, 10 Paige, 597; *Cornell* v. *Prescott*, 2 Barb. 18; *Hoy* v. *Bramhall*, 4 C. E. Green, 563; *Huyler* v. *Atwood*, 26 N. J. Eq. 504; *Johnson* v. *Zink*, 51 N. Y. 333. A promise to one, for a valuable consideration moving from the promisee, to pay a sum of money to a third person will support an action by the latter. — *Holt* v. *Dollarhide*, 61 Mo. 433; *Creas* v. *Blodgett*, 64 Mo. 449; *Heim* v. *Vogel* (April term), 8 Reporter, 435; *Beardslee* v. *Morgner*, 4 Mo. App. 139; *Barbaro* v. *Occidental Grove*, 4 Mo. App. 429; *Fitzgerald* v. *Barker*, 4 Mo. App. 107. The doctrine of subrogation does not depend upon privity, nor is it confined to cases of *strict suretyship.* — *McCormick* v. *Irwin*, 11 Casey, 111; 1 White & Tudor's Ld. Cas. (4th ed.) 148; 2 id. 282 *et seq.* The act of respondent was a fraud upon appellant's right of subrogation. — *Taylor* v. *Maris*, 5 Rawle, 51; *Taylor* v. *Short*, 27 Iowa, 361; *Welsh* v. *Beers*, 8 Allen, 151; *Klaproth* v. *Dressler*, 2 Beas. 62.

B. D. LEE, for the respondent, cited: *Hill* v. *Gwin*, 51 Cal. 47; *Crawford* v. *Edwards*, 33 Mich. 354; *Corbett* v. *Waterman*, 11 Iowa, 86; *Thompson* v. *Bertram*, 14 Iowa, 476; *Curtis* v. *Taylor*, 9 Paige, 435; *Halsey* v. *Reed*, 9 Paige, 457.

LEWIS, P. J., delivered the opinion of the court.

The defendant executed and delivered to the plaintiff a promissory note for $14,000, with a deed of trust securing it on certain real estate, together with a lot of machinery, fixtures, and other articles of value then on the premises. This suit is to recover a balance of about $700 remaining unpaid on the note. The defendant admits the execution of the note, but claims that he is released from all liability thereon by reason of the following facts, that is to say: After the execution of the note and mortgage, defendant sold and conveyed the mortgaged property to Bevis & Fraser, subject to the encumbrance, which those purchasers undertook and assumed to pay off as part of the consideration. The plaintiff, with full knowledge of this transaction and the covenants it involved, before the maturity of the note, and without the knowledge or consent of the defendant, "consented and permitted that said Bevis & Fraser should remove from said premises, and said Bevis & Fraser, pursuant to said consent and permission, did remove from said premises and dispose of the same," the said machinery, fixtures, etc., being of the value of $10,000. Bevis & Fraser were insolvent at that time, and have so continued to be. They failed to pay the note at its maturity, and the plaintiff thereupon "caused said premises, so despoiled of said machinery and fixtures, etc., to be sold at public auction," and plaintiff became the purchaser. By reason of the said removal, the property remaining as security for the note was greatly reduced in value, and failed to realize at the sale as much as it would otherwise have brought, whereby a balance was left unpaid on the note, and defendant was injured. The answer was demurred to, as not stating facts sufficient to constitute a defence, and the demurrer was sustained.

For the defendant it is contended, that the effect of the transfer to Bevis & Fraser was to make the transferees the

principal debtors to the plaintiff, and the defendant thenceforth only a surety, the mortgaged property being the primary fund for the liquidation of the debt; that hence, by the well-settled law of principal and surety, the plaintiff creditor, in permitting Bevis & Fraser to dispose of part of the property which was the defendant's security against a personal liability for the debt, released the defendant to the extent of the value of the property so disposed of.

For the plaintiff it is argued that the relations existing between the original debtor and creditor could not be changed by any transaction between the debtor and his grantees, to which the plaintiff was not a party; that there was no privity between the plaintiff and Bevis & Fraser as to the transfer, and the plaintiff never surrendered its right to treat the defendant as its principal debtor. There is, therefore, no ground upon which defendant can claim a release.

There is abundant authority for the position that when a mortgageor conveys the mortgaged property, his grantee assuming to pay the mortgage debt, the grantee becomes, as between these parties, the principal debtor, and the grantor the surety. But the question to be here determined is, whether these relations arise also as to the creditor.

Upon principle, it would seem that a clear distinction may be taken between a suretyship which is created with the express consent of the creditor — as in an original contract — and a suretyship which arises by operation of law in a later transaction, to which the creditor is not a party. In the former case the creditor is, by his own act, bound to recognize all the distinctive rights of the surety, whose obligation to him exists in no other capacity, from the beginning. He must therefore do nothing which may lessen the surety's recourse, or chances for indemnification, in the event of his having to pay the debt. But in the latter case he has voluntarily assumed no such duty. It becomes a question, then, whether the law can cast it upon him with-

out his consent, and thus, in effect, alter the terms of his original contract.

Counsel for the defendant seems to think it unreasonable to suppose a suretyship as between the principal debtor and the surety, which is yet not a suretyship as to the creditor. There is no difficulty about this. Between the principal and surety, questions of reimbursement or indemnity may arise, with which the creditor has nothing to do. These must, of course, be determined by the relations existing between the parties interested, either of whom may yet stand in a different relation with the creditor. As to him, both may be principal debtors, or otherwise. In the authorities upon which the defendant relies in this connection, the statement that the grantee of mortgaged property becomes the principal debtor, and the grantor the surety, is generally qualified by the expression, "as between these parties," or its equivalent.

In *Calvo* v. *Davies*, 73 N. Y. 211, the surety relation between the grantor and the grantee of mortgaged property is made to embrace also the creditor in its legal effects. It is held that, " where a deed contains a covenant upon the part of the grantee to pay a mortgage upon the premises, executed by the grantor, the relation of principal and surety is created between the parties, and an agreement by the holder of the mortgage with the grantee to extend the time of payment, made without the consent of the grantor, discharges the grantor." The conclusion reached in this decision seems to stand alone. The weight of authority elsewhere, is altogether the other way. In *Corbett* v. *Waterman*, 11 Iowa, 86, it was held, in a similar state of facts, that, as between the mortgageor and his grantee, " the mortgageor becomes a surety, and the vendee makes the debt his own. The relation of the vendor and mortgageor to the mortgagee remains unchanged, and both the vendor and purchaser may, as to him, be treated as principals; and this relation will not be changed by an agreement be-

tween the vendee and the mortgagee for an extension of time." In *Crawford* v. *Edwards*, 33 Mich. 354, it was decided that "the mortgagee may treat both the mortgageor and his grantee, under such a promise, as principal debtors, and may have a personal decree against either or both; and this upon the principle that the creditor is entitled to the benefit of all collateral obligations for the payment of the debt." In *Huyler* v. *Atwood*, 26 N. J. Eq. 504, it was contended that a promise by a grantee to the grantor to pay a mortgage debt in part of the purchase-money was a contract of suretyship, and could not, therefore, be made by a *feme covert*. But the court held that this was true only as between the grantor and grantee, and that it was not true as between the original parties, the mortgageor and mortgagee.

These views appear to be clearly consonant with the principle that the contract rights of the mortgagee cannot be changed by acts of the mortgageor and his grantee to which the creditor is not a party. He may therefore continue to hold the mortgageor as a principal debtor; and while he so holds him, there can be no discharge of liability on the ground of indulgence to one who, for certain purposes not affecting the creditor, stands toward the original debtor in the relation of a principal to his surety. At the same time, it is worthy of consideration in the present case, that the alleged permission and consent given by the mortgagee to the removal of the property by Bevis & Fraser was of no force or validity for any purpose. It conferred no additional authority on the grantees of the mortgageor, whose legal rights, as against them, remained unchanged. Such was held to be the law in *Hill* v. *Gwin*, 51 Cal. 47. The mortgagee might possibly have prevented the removal; but he was not bound to do so by any considerations arising from his relations with the mortgageor. *Marsh* v. *Pike*, 10 Paige, 595. It cannot be said that the removal of the property with the plaintiff's consent jeopardized the inter-

ests of the defendant to any greater extent than it would have done without that consent. The defendant's remedy, in any case, would be against his grantees, and not against his creditor. We find no error in the record, and must affirm the judgment. All the judges concur.