The Colchester Savings Bank vs. Francis H. Brown.

Second Judicial District, Norwich, April Term, 1902.
Torrance, C. J., Baldwin, Hamersley, Hall and Prentice, Js.

Under § 983 of the General Statutes of 1888 (Rev. of 1902, § 587), a mortgagee may maintain an action in his own name against a grantee of the mortgaged premises who in his deed assumes and agrees to pay the mortgage incumbrance. The liability thus incurred is not confined to the immediate or first grantee of the mortgagor, but extends to the last of several successive grantees, each of whom assumes payment of the mortgage indebtedness.

Whether liability would attach to the last grantee if there had been a break in the chain of assumptions, quære.

This statute does not force any obligation upon an unwilling grantee nor interfere with the rights of contracting parties. They must be presumed to act with knowledge of the law and of its binding effect.

Duly certified copies of deeds in the line of title, made and recorded by strangers to the suit, are admissible without other evidence of their execution and delivery.

Argued April 29th—decided June 11th, 1902.

Action to recover the amount of a promissory note, brought to the Court of Common Pleas in New London County and tried to the court, *Noyes, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Donald G. Perkins,* for the appellant (defendant).

*Edward M. Day,* for the appellee (plaintiff).

Prentice, J. In 1883 *A* gave his promissory note for the sum of $567 to the plaintiff and to secure the same mortgaged to the plaintiff a tract of land owned by him. Afterwards *A* conveyed said premises to *B*, and thereupon *B* to *C*, and, later, *C* to the defendant. Each of these conveyances was for a valuable consideration, and by warrantee deed

free and clear of all incumbrances except said mortgage, which each successive grantee, by the terms of his deed, expressly assumed and agreed to pay. The plaintiff now sues the defendant, who is the present owner of the premises, to recover the amount due upon said mortgage note, relying upon the latter's assumption thereof and agreement to pay the same as aforesaid. The substantial question in the case is as to its right to do so.

It is clear that prior to the enactment of Chap. 97 of the Public Acts of 1881, the plaintiff could not have maintained an action against the defendant upon his assumption and agreement. *Meech* v. *Ensign*, 49 Conn. 191.

It is equally clear that by virtue of that legislation which, unchanged but for the omission of the single word " hereafter," appears in § 983 of the General Statutes of 1888, its present action is well brought.

It is to be observed that the note, which is the foundation of the action, was made after the Act of 1881 was enacted. Consequently all the assumptions of it were made with the law in force. They were made with reference to the law, and with knowledge of their legal effect. The defendant, therefore, cannot complain of any injury arising from a retrospective operation of the statute.

It is also to be noted that the chain of assumptions from the mortgagor to the defendant is unbroken. There is, therefore, no room for a claim that the statute cannot operate to overleap a breach in this chain. *Merriman* v. *Moore*, 90 Pa. St. 78; *Voorman* v. *Turner*, 69 N. Y. 280; *Dean* v. *Walker*, 107 Ill. 540; *Enos* v. *Sanger*, 96 Wis. 150; *Norwood* v. *De-Hart*, 30 N. J. Eq. 412; *McKay* v. *Ward*, 20 Utah, 149.

It is contended that the right of a mortgagee to sue one who, in a conveyance to himself, assumes and agrees with his grantor to pay the mortgage debt, is one which cannot be conferred by law. It is said that a statute which, like the present, attempts to do so is " void as an interference with the rights of parties to the contract in attempting to impose a liability upon one of the parties to a third person not a party, from whom no consideration passes and for whose benefit

it is not made." This is a serious arraignment, but we fail to see wherein it is justified—certainly in the case of prospective legislation such as this originally was in terms, and is in its present application. The defendant has had no obligation forced upon him. He made his contract, and he made it with full knowledge of the law as to its effect and binding character. No right of his has been invaded. It is an emphatic commentary upon this contention that so many of our States have, independently of any statute, held the law to be as our statute defines it. *Thorpe* v. *Keokuk Coal Co.,* 48 N. Y. 253; *Huyler* v. *Atwood,* 26 N. J. Eq. 504; *Merriman* v. *Moore,* 90 Pa. St. 78; *Brewer* v. *Maurer,* 38 Ohio St. 543; *Urquhart* v. *Brayton,* 12 R. I. 169; *George* v. *Andrews,* 60 Md. 26; *Helms* v. *Kearns,* 40 Ind. 124; *Carver* v. *Eads,* 65 Ala. 190; *Osborne* v. *Cabell,* 77 Va. 462; *Dean* v. *Walker,* 107 Ill. 540; *Enos* v. *Sanger,* 96 Wis. 150; *Hare* v. *Murphy,* 45 Neb. 809; *Marble Savings Bank* v. *Mesarvey,* 101 Ia. 285, 286; *Heim* v. *Vogel,* 69 Mo. 529; *Brown* v. *Markland,* 16 Utah, 360; *Williams* v. *Naftzger,* 103 Cal. 438.

The defendant's second contention is that, even if the right to sue under the circumstances outlined is one which may be conferred by law, the statute in question should be "construed to read as though the words ' by the mortgagor ' were inserted after ' conveyed ' ; " thus limiting the liability under the statute to the grantee of the mortgagor. The only considerations urged upon us in support of this contention are purely practical ones, such as are proper to be addressed to a lawmaking body. It is not our office to legislate. The legislature of the State has, in the statute enacted, declared its will. This declaration is in plain, direct and unambiguous terms. There is no uncertainty about it. Its intent and phraseology are alike clear and unmistakable. Nothing could appear more certainly from a reading of it than that the General Assembly did not choose to limit its operation as suggested. There is no room for construction as suggested, and our power over the statute is therefore at an end.

The appeal involves two or three evidential questions. Upon the view we have taken of the substantive law of the

case, only one calls for consideration. Upon the trial the plaintiff produced duly certified copies from the land records, of the three deeds which carried the chain of title from the mortgagor to the defendant, being the deeds, also, which contained the successive assumptions, and, without other evidence of their execution and delivery, offered them in evidence to prove the allegations of the complaint, which expressly set out these conveyances and the assumptions therein contained. The .defendant objected, on the ground that there had not been sufficient proof of their execution and delivery, and that they were immaterial and irrelevant. The first two of these deeds belonged to strangers. The copies were therefore properly admitted. *Talcott* v. *Goodwin*, 3 Day, 267; *Clark* v. *Mix*, 15 Conn. 152. The last deed, together with the assumption clause therein, was admitted by the answer. Proof thereof was therefore superfluous, and harmless even if irregular. The deeds directly tended to support the allegations of the complaint. Whether these allegations of the successive conveyances and assumptions were material, is a question already hinted at, but need not be answered. The evidence, if not material, was at least absolutely harmless.

There is no error.

In this opinion the other judges concurred.