THE SAVINGS BANK OF ANSONIA *vs.* JACOB SCHANCUPP ET AL.

Third Judicial District, Bridgeport, October Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 26th—decided December 18th, 1928.

*Ralph H. Clark,* for the appellant (plaintiff).

*Walter J. Walsh,* for the appellee (defendant Jacob Schancupp).

HINMAN, J.   On September 12th, 1924, the defendant Schancupp owned certain real estate in Ansonia which he had mortgaged to the plaintiff for $3,000. He had insured the property against fire for $5,000, by one policy for $2,000 with the Girard Fire and Marine Insurance Company and another for $3,000 with the North River Insurance Company.   On this date he sold and conveyed the property to the defendant Rindone, who assumed and agreed to pay the $3,000 mortgage indebtedness; the insurance policies were also transferred to the name and benefit of Rindone.   The latter was the owner and possessor of the premises when, on or about December 20th, 1925, the large brick building which stood on the lot was damaged by an explosion and fire.

Both the fire insurance policies contained the standard mortgagee clause, making the loss payable to the plaintiff mortgagee as its interest may appear and containing, *inter alia,* a provision that "this insurance, as to the interest of the mortgagee only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, . . . nor by the occupation of the premises for purposes more hazardous than are permitted by this policy"; also that "whenever this company shall pay the mortgagee any sum for loss or damage under this policy and shall claim that, as to the mortgagor or owner, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subro-

gated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may at its option, pay to the mortgagee the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee to recover the full amount of [its] claim."

Both insurance companies denied liability to the owner, Rindone, for the loss occasioned by the explosion and fire, on the grounds that although the building was insured as a dwelling it was partly occupied for mercantile purposes, and that the fire was caused by the explosion of a still operated in the building contrary to law, and Rindone did not pursue a claim against either of the insurers until after the time for filing formal claim for the loss had expired.

Subsequently the plaintiff mortgagee took up the matter with the insurers, and the amount of the loss occasioned by the fire was appraised at $1,368.49, the liability, if any, being apportionable sixty per cent to the North River Company and forty per cent to the Girard Company, and each insurer agreed to pay the plaintiff such share of the loss, on condition that the plaintiff would agree to reimburse the company for the amount so advanced out of the moneys ultimately realized in satisfaction of its mortgage. The plaintiff so agreed and the North River Company paid to it $821.09 and the Girard Company $547.40. These proceedings were had without Schancupp's consent or knowledge.

The plaintiff did not apply these payments to the payment of the mortgage note, but brought this foreclosure action for the full amount, $3,000, and interest. The defendant Schancupp set up, as a defense, the

transactions between the plaintiff and the insurance companies and claimed that it was incumbent upon the plaintiff to appropriate the insurance money, so received by it, to the payment of the note. Upon the agreed facts the trial court held that the plaintiff received the insurance money as the proceeds of collateral security for the mortgage indebtedness, that the defendant Schancupp stood in the relation of surety for the payment of the mortgage debt, and, as such surety, was entitled to have the payments credited upon that debt, and while finding the amount due from Rindone to be $3,541.99, deducted therefrom, as to Schancupp, the $1,368.49 and interest, making the amount due $2,056.50. It is as to the validity of this deduction, only, that the plaintiff's appeal relates.

The distinction which the court made between Schancupp and Rindone, as to the amount of the debt, was based upon its holding that the former was, not only as to the latter but also as to the plaintiff, surety for the payment of the mortgage debt, and that the money received by the plaintiff from the insurance companies was to be regarded as the proceeds of collateral security, to the benefit of which Schancupp, as such surety, was entitled. The appellant challenges the legal correctness of these conclusions.

As to the first, the rule in this State is that a conveyance, by the mortgagor, of mortgaged property to one who assumes and agrees to pay the mortgage debt creates, as between the mortgagor and such grantee, the relation of surety and principal, but does not, of itself, and apart from the effect of subsequent dealings between the mortgagee and the grantee, change the relationship of the mortgagor to the mortgagee. The former remains liable to the latter as a principal debtor; both the mortgagor and the assuming purchaser are, as to the mortgagee, principals. *Boardman*

v. *Larrabee,* 51 Conn. 39, 42; *Waters* v. *Hubbard,* 44 Conn. 340. See also *State ex rel. McClure* v. *Northrop,* 93 Conn. 558, 566, 106 Atl. 54; *Cacavalle* v. *Lombardi,* 106 Conn. 339, 342, 138 Atl. 155; *Chauser* v. *Cama,* 106 Conn. 390, 393, 138 Atl. 157; 2 Jones on Mortgages (8th Ed.) §923; Annotator's note to *Peters* v. *Lindley,* 41 A. L. R. p. 318 (88 Okl. 32, 211 Pac. 409).

The reason that the relation of suretyship between a mortgagor and his grantee, created by the conveyance with assumption, by the latter, of an obligation to pay the mortgage debt, does not, of itself, affect the relations between such mortgagor and the mortgagee lies in the clear distinction between a suretyship which is created with the express consent of the creditor —as in an original contract—and one which arises in a later transaction to which the creditor is not a party. "In the former case the creditor is, by his own act, bound to recognize all the distinctive rights of the surety, whose obligation to him exists in no other capacity, from the beginning. He must therefore do nothing which may lessen the surety's recourse, or chances for indemnification, in the event of his having to pay the debt. But in the latter case he has voluntarily assumed no such duty. It becomes a question, then, whether the law can cast it upon him without his consent, and thus, in effect, alter the terms of his original contract. . . . There is no difficulty about this. Between the principal and surety, questions of reimbursement or indemnity may arise, with which the creditor has nothing to do. These must, of course, be determined by the relations existing between the parties interested, either of whom may yet stand in a different relation with the creditor. As to him, both may be principal debtors." *Connecticut Mut. Life Ins. Co.* v. *Mayer,* 8 Mo. App. 18, 21, 22. The record

here does not disclose any subsequent dealings between the plaintiff and either of the defendants, such as a novation, or consent by the mortgagee to accept the grantee as principal and hold the mortgagor as surety only, which suffice to alter its relations to and with them or either of them so as to charge it with obligations or duties arising from the suretyship existing between Schancupp and Rindone. Hence the trial court was incorrect in ascribing to Schancupp the position of surety for the payment of the mortgage debt instead of a principal debtor, as he remained so far as concerns the plaintiff.

The main question presented by the appeal relates to the nature of the payments made to the plaintiff by the insurance companies under the circumstances above set forth, including inquiry whether they are to be regarded as the proceeds of collateral security for the mortgage indebtedness, for which Schancupp was entitled to credit, as the trial court held. The answer depends largely upon the nature and effect of the mortgage clause in the policies, provisions of which have been quoted in the statement of facts. It has been denominated the "union" or, more commonly, "standard" mortgage clause, and provides, in substance, that no act or default of the mortgagor or owner shall operate to defeat the mortgagee's right of recovery, but that, in case of payment to the mortgagee for a loss which the insurer would not have been liable to pay to the owner, the insurer may have subrogation, to the extent of its payments, to the rights of the mortgagee. It is generally held that the effect of these special provisions, upon the happening of events bringing them into operation, is to resolve the policy contract from being primarily one insuring the mortgagor and making the mortgagee an equitable assignee, into an insurance of the interest of the mortgagee, as

such, and into a personal contract with the mortgagee, in which the mortgagor has no interest. 1 Jones on Mortgages (8th Ed.) §506; 3 Cooley's Briefs on Insurance (2d Ed.) p. 2390; *Collinsville Savings Society* v. *Boston Ins. Co.*, 77 Conn. 676, 680, 60 Atl. 647. The conception so far adopted in Connecticut is somewhat different and less sweeping, and is expressed in *Collinsville Savings Society* v. *Boston Ins. Co., supra,* p. 681, as follows: "It is quite clear that the plain and explicit provision of the 'union mortgage clause,' to the effect that the mortgagee's right of recovery under the policy as payee thereof shall not be affected by the act or neglect of any person other than the mortgagee, his agent, or those claiming under him, must suffice to establish for a mortgagee under such conditions a status with respect to the insurance which is not only independent of, but also superior to, that of the property owner. The former's rights are thus expressly set free from the operation of those acts and neglects of the latter which would destroy the latter's insurance or limit the extent of his recovery. The rights of the mortgagee become not merely those of a substitute . . . owner. He acquires rights of his own which are subject to no man's control and which give him independent and distinct protection." See also *Meriden Savings Bank* v. *Home Mutual Fire Ins. Co.,* 50 Conn. 396, 399. As was stated in those cases, we find, here, no occasion to go to the length of the decisions elsewhere. Under either conception, it is clear that when insurance money is paid, under that clause, to the mortgagee, notwithstanding the policy has been forfeited as to the mortgagor by reason of violation of some provision not affecting the mortgagee, it "is not a payment to that extent of the mortgage debt, but is in effect a payment by the insurers toward the purchase of the mortgage. The mortgagor or his successor

has no beneficial interest in the policy, and cannot compel an application on the debt of the amount due upon a loss. The insurers in such case may recover on the note and mortgage assigned to them by the mortgagee." 1 Jones on Mortgages (8th Ed.) §506; *Walker* v. *Queen Ins. Co.,* 136 S. C. 144, 134 S. E. 263, 52 A. L. R. 259, and notes, p. 278; 7 Cooley's Briefs on Insurance (2d Ed.) p. 6281; *Insurance Co. of North America* v. *Martin,* 151 Ind. 209, 51 N. E. 361. The effect of this mortgage clause is that from the time the policy becomes void as to the mortgagor the insurance is only in favor of the mortgagee on its interest as such and not an insurance on the property generally, to which the mortgagor or his successor in interest therein should be entitled. That the mortgagee should receive the primary benefit and the insurers the opportunity for ultimate reimbursement through such security as the mortgage note and mortgage may afford, accords with the general legal and equitable rights of the parties. *Clark* v. *Trainor* (1925) 237 Ill. App. 269, 274; note, L. R. A. 1916A, p. 562. The insurers, through their subrogation, virtually occupy the position of a purchaser from the mortgagee for value. *Insurance Co. of North America* v. *Martin, supra,* p. 226. The payment, by them, does not operate to reduce or extinguish the mortgage debt or discharge the mortgage, but to satisfy, *pro tanto,* the mortgagee's claim and assign it to the insurers, leaving it in full force as against the mortgagor and those claiming under him, with no right, on their part, to claim a reduction of the debt by the payment to the mortgagee. *Allen* v. *Watertown Fire Ins. Co.,* 132 Mass. 480, 483; *Badger* v. *Platts,* 68 N. H. 222, 224, 44 Atl. 296; *Walker* v. *Queen Ins. Co., supra; Hare* v. *Headley,* 54 N. J. Eq. 545, 558, 35 Atl. 445; Cooley's Briefs on Insurance (2d Ed.) Vol. 7, p. 6281, Vol. 3, p. 2390, and cases cited.

To hold that, under such circumstances, the insurance must be credited upon the mortgage debt would enable the mortgagor to get, indirectly, the benefit of insurance the right to enforce which, directly and affirmatively, had been lost by breach of conditions of the policy. *Clark* v. *Trainor, supra,* p. 274. Such, undoubtedly, would have been Schancupp's situation had he retained ownership of the equity of redemption. No adequate reason appears why he is to be regarded as having acquired any superior rights, in this regard, by conveying his equity and assigning the policies to Rindone. Furthermore, since the insurers are undoubtedly entitled to reimbursement by the plaintiff mortgagee out of the proceeds of collection of the mortgage debt, any credit allowed Schancupp would be, in case of resort to him as mortgagor, at the expense of the innocent mortgagee, notwithstanding that the mortgage clause in question is intended and adapted to afford protection to the mortgagee exclusively, as between the parties to the mortgage, such protection not to be defeated by forfeiture, by another such party, of rights to the benefit of the insurance.

From the agreed facts it definitely appears that Rindone has forfeited any right, on his part, to recover upon the policies; no claim is made that the provisions of the mortgage clause were not entirely applicable, and Schancupp's legal situation and rights are to be determined accordingly. For the reasons above stated, he is not entitled to have the benefit, as a credit upon his indebtedness as original mortgagor, of the payments made to the plaintiff by the insurers pursuant to the provisions of that clause. The amount due from Schancupp should have been adjudged to be the same as that due from the defendant Rindone, without deduction on account of the insurance payments; viz: $3,000 and interest.

There is error, the judgment is set aside, the cause is remanded, and the Superior Court is directed to enter judgment in accordance with this opinion.

In this opinion the other judges concurred.