DORA SCHNEIDER ET AL. *vs.* GUISEPPE FERRIGNO.

First Judicial District, Hartford, May Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued May 14th—decided October 4th, 1929.

*Louis M. Schatz,* with whom, on the brief, was *Nathan A. Schatz,* for the appellants (plaintiffs).

*Josiah H. Peck,* for the appellee (defendant).

MALTBIE, J.   This action is brought by the holders of a certain mortgage to recover upon a condition contained in a deed of the mortgaged premises to the defendant wherein he assumed and agreed to pay the mortgage.   It was originally executed by Ethel M. Holmes Case to one Paradise, being a fourth mortgage for $15,475 upon certain premises owned by her. Paradise sold the note and mortgage to David Miller and Miller sold them to the plaintiff Baggish and to Samuel Schneider, who took title to his half interest in the name of his wife, the other plaintiff.   Before he acquired his interest in the note and mortgage Schneider purchased the equity of redemption, taking title subject to the mortgages upon the premises.   Later he entered into negotiations with the defendant for the exchange of the premises for certain real estate owned by the defendant, but when the terms came to be arranged, Schneider was unwilling to assume certain mortgages on the defendant's premises and to execute purchase money mortgages to him.   So he proposed to transfer his premises to a brother-in-law Krawitzky

and then have him make the exchange. Accordingly he did transfer the premises to Krawitzky, who assumed and agreed to pay the mortgages upon it, including the one in suit, "as part consideration for this deed," and Krawitzky and the defendant then made the exchange, the defendant also assuming and agreeing to pay the mortgages on the premises Krawitzky conveyed to him. The defendant later lost title to the premises by reason of a strict foreclosure of an incumbrance prior to that held by the plaintiffs. The trial court decided for the defendant solely upon the ground that, in view of the fact that Schneider had not himself assumed payment of the mortgage upon the property, the break in the chain of assumptions prevented a recovery by the plaintiffs upon the assumption agreement in the deed to the defendant, and that he did not intend to make a contract for the benefit of the holders of the note and mortgage in suit.

The appellants seek many corrections in the finding, but in the view we take of the case none of them are material. The basic question presented is, can the holder of a mortgage make liable one who, upon acquiring title to the premises, has assumed and agreed to pay that mortgage, despite the fact that in the chain of title from the original maker of the mortgage some owner of the equity of redemption has not assumed and agreed to pay it. Where such situations have come before the courts in the absence of statutory provision different conclusions have been reached. Those which deny a right of recovery advance various reasons. Wiltsie on Mortgage Foreclosure, Vol. 1 (4th Ed.) § 246, states that such a conclusion is based upon the fact that there is no consideration for the assumption, but that can hardly be so; the agreement to assume is but one term in the contract by which the lands are acquired and if that contract as a whole is

supported by a valuable consideration it cannot be said that any one term lacks such support. 1 Williston on Contracts, § 386, suggests as the basis for the conclusion, that where the grantor of the equity of redemption was not himself liable by reason of an assumption of the mortgage and hence had no interest in the assumption of it by his grantee, the only intelligent object which can be attributed to him is to guard against a supposed or possible liability on his part, and he cannot be assumed to have intended to confer a benefit upon the holder of the mortgage; but it is difficult to see why, if his object is assumed to be to protect himself against a possible liability, his mental attitude is any different than it would be, had he sought to protect himself against a definite liability fixed by his own agreement to pay the mortgage. The cases which deny liability, such as the leading case of *Vrooman* v. *Turner,* 69 N. Y. 280, 285, do not seem fully to recognize the extent and force of the rule which permits a third party beneficiary to sue upon a contract as it has now been developed. The controlling test now is, was there any intent to confer a right of action upon the third party. Amer. Law Inst. Restatement, Contracts, §§ 133, 135; *Byram Lumber & Supply Co.* v. *Page,* 109 Conn. 256, 146 Atl. 293. If the grantor of the equity of redemption who has not assumed the mortgage has no object to protect himself, an intent to confer a right to sue upon the holder of the mortgage would be the most natural motive to assign to him in requiring his grantee to agree to pay it. It is true that difficulties might be encountered in an attempt to work out the problem upon the equitable doctrine whereby, as between a mortgagor and his grantee who assumes and agrees to pay the mortgage, the latter becomes the principal debtor and the former occupies the position of surety,

at least as it is applied in many jurisdictions, but with us that principle applies only as between the mortgagor and the grantee of the equity of redemption and does not of itself affect the right of the mortgagee. *Savings Bank of Ansonia* v. *Schancupp,* 108 Conn. 588, 592, 144 Atl. 36. As regards the latter, the basis of a recovery upon an agreement by a grantee of the equity of redemption to pay the mortgage is stated in *Tuttle* v. *Jockmus,* 106 Conn. 683, 689, 138 Atl. 804, as follows: "The right of the mortgagee to bring an action upon an assumption of the mortgage by the grantee of the equity of redemption is ordinarily based upon the principle which permits a third party to bring an action upon a contract made for his benefit." We cite some well reasoned cases holding that a grantee of the equity of redemption, who agrees to pay the mortgage, is liable at suit of the holders of it though some owner of the equity in his chain of title did not agree to pay it. *Dean* v. *Walker,* 107 Ill. 540, 545; *Enos* v. *Sanger,* 96 Wis. 150, 70 N. W. 1069; *McDonald* v. *Finseth,* 32 N. D. 400, 155 N. W. 863; *Title Guaranty & Trust Co.* v. *Bushnell,* 143 Tenn. 681, 228 S. W. 699; *Merriman* v. *Moore,* 90 Pa. St. 78, 80; and see cases cited 2 Jones on Mortgages (8th Ed.) p. 326.

We have discussed the question from the standpoint of the common law as a background for the consideration of our statute. This provides: "Whenever any real estate incumbered by mortgage or lien shall be conveyed, subject to such mortgage or lien, and in such conveyance there shall be a provision that the grantee shall assume and pay such incumbrance, the holder of such mortgage or lien may, upon the nonpayment of the same, maintain an action in his own name upon such promise, without obtaining an assignment thereof from the grantor of said premises." General Statutes, § 5610. In *Colchester Savings Bank* v.

*Brown,* 75 Conn. 69, 71, 52 Atl. 316, in a case where the question was whether the statute extended beyond the immediate grantee of the mortgagor, we said: "The legislature of the State has, in the statute enacted, declared its will. This declaration is in plain, direct and unambiguous terms. There is no uncertainty about it. Its intent and phraseology are alike clear and unmistakable. Nothing could appear more certainly from a reading of it than that the General Assembly did not choose to limit its operation as suggested. There is no room for construction as suggested, and our power over the statute is therefore at an end." Such a situation as the case at bar falls clearly within the terms of the statute and we see no way in which we could limit its plain provisions by holding it not applicable. If applied it will only accomplish the same result as many courts have adjudged to be sound in principle under the common law. Nor will it ordinarily work any injustice to the owner of the equity of redemption who has agreed to pay the mortgage, for no doubt, in fixing the amount of the consideration for the purchase of the premises, the amounts of any mortgages he has agreed to pay were deducted. As we said in the *Colchester Savings Bank* case: "The defendant has had no obligation forced upon him. He made his contract, and he made it with full knowledge of the law as to its effect and binding character. No right of his has been invaded." So we said in *Baurer* v. *Devenis,* 99 Conn. 203, 215, 121 Atl. 566: "It was optional with the promisor whether he should engage in this performance for the third person. Having voluntarily so agreed, it is no hardship to require him to fulfil his agreement."

The conclusion of the trial court that it was not the intention of the defendant to make a contract for the benefit of the holders of the note in suit, we under-

stand to refer to the intention which the law attributes to him by reason of the assumption of the mortgage under the circumstances of this case. Of course, the question is, what intent is disclosed by the terms of his agreement read in the light of the surrounding circumstances, not such actual intent as he may have entertained. *Quimby Co.* v. *Sheffield,* 84 Conn. 177, 193, 79 Atl. 179; *Easterbrook* v. *Hebrew Ladies Orphan Society,* 85 Conn. 289, 295, 82 Atl. 561.

The trial court was in error in holding that the plaintiffs could not hold the defendant liable upon his assumption of the mortgage because of the break in the chain of assumptions due to Schneider's failure to assume it. As the case was decided solely upon this ground, we remand it for further proceedings according to law.

There is error and a new trial is ordered.

In this opinion the other judges concurred.