## ELIZABETH WINESTINE
vs.
## HERMAN J. WEISMAN, ET AL.

Superior Court      New Haven County      File #11805
(At Waterbury)

Present:   Hon. PATRICK B. O'SULLIVAN, Judge.

Daniel Morgan,                   Attorney for the Plaintiff.

Carmody & Thoms,                 Attorneys for the Defendants.

**MEMORANDUM FILED APRIL 30, 1937.**

O'SULLIVAN, J.   On November 1st, 1924, the defendants gave their non-negotiable mortgage note for $6,500. to Albert Schumaker, with interest at six per cent per annum, the principal sum being payable semi-annually in installments of $250. each.   The note further embraced an acceleration clause making the unpaid principal due on demand, upon a thirty-day default in the payment of either installment or interest,

or neglect to pay taxes, water rents, insurance or assessments on the property owned by the defendants which was contemporaneously mortgaged to Schumaker as security for the faithful compliance with the terms of the note. On December 1st, 1924, Schumaker endorsed the note to a bank, which in turn, on May 17, 1927, endorsed it for value to the plaintiff who, after default, has sued to recover the unpaid balance of the principal.

Among several special defenses is one to the effect that the property mortgaged to secure the debt was conveyed on May 17, 1929, to one Sadie Shapiro, who agreed to assume and pay the note; that, thereafter, she paid the installments and interest to the plaintiff until May, 1932, when an oral agreement was made between herself and the plaintiff whereby, in consideration of the former's promise to retain the control, management and title of the property, the latter promised to lower the semi-annual installments to $150.; and that the plaintiff did accept these reduced payments instead of those provided for in the note.

To this defense, the plaintiff has demurred on various grounds and the problem confronting this court is whether or not the first special defense alleges facts which will bar recovery.

The relationship between Sadie Shapiro and the defendants was that of principal and surety. Both were principal debtors of the plaintiff, unless that status was changed by the latter.

"The reason that the relation of suretyship between a mortgagor and his grantee, created by the conveyance with assumption, by the latter of an obligation to pay the mortgage debt, does not, of itself, affect the relations between such mortgagor and the mortgagee, lies in the clear distinction between a suretyship which is created with the express consent of the creditor and one which arises in a later transaction to which the creditor is not a party. In the former case the creditor is by his own act, bound to recognize all the distinctive rights of the surety, whose obligation to him exists in no other capacity, from the beginning. He must therefore do nothing which may lessen the surety's recourse of chances for indemnification, in the event of his having to pay the debt. But in the latter case he has voluntarily assumed no such duty. It becomes a question, then, whether the law can cast it

upon him without his consent, and thus, in effect, alter the terms of his original contract. There is no difficulty about this. Between the principal and surety, questions of reimbursement or indemnity may arise, with which the creditor has nothing to do. These may, of course, be determined by the relations existing between the parties interested, either of whom may yet stand in a different relation with the creditor. As to him, both may be principal debtors."

**Savings Bank of Ansonia vs. Schancupp, 108 Conn. 588, 593.**

It is well settled that a legal agreement to forbear or change the conditions or payments, made between the note holder and the owner of the mortgaged property, releases the maker of the note for which the mortgage was given as security. As the plaintiff entered into an agreement whereby the obligation of the principal was materially changed without the consent of the surety, the latter is discharged. Accordingly, if the agreement alleged in the first special defense is capable of proof, it will act as a bar to any liability of these defendants.

Accordingly, the demurrer is overruled.