[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The present action was instituted by a one count complaint CT Page 4179 seeking to recover damages alleging negligent conduct of the defendant when the minor plaintiff's leg was crushed in a trash compactor while working in the employ of the Grand Union. The trash compactor was owned by the defendant which supplied the unit to Grand Union pursuant to a contract. The complaint alleges that the defendant was negligent in failing to provide an emergency shut-off switch; in failing to properly maintain or repair the compactor by failing to provide a lip upon the platform upon which the plaintiff stood which would have prevented the plaintiff's foot from slipping into the trash compactor; in failing to replace the lip on the platform upon which the plaintiff was standing, which lip had previously existed prior to the repairs performed by the defendant and in that the defendant knew or should have known the persons using the compactor would be standing upon the platform and the failure to provide such a protective lip subjected such persons to risk.
The defendant has filed a motion for summary judgment asserting that the claims made by the plaintiff are within the scope Product Liability Act which is the exclusive remedy for such claims and, therefore, a cause of action in negligence may not be maintained.
The trash compactor unit was supplied by the defendant to Grand Union pursuant to a five year contract which required the defendant to maintain the compaction unit for which a rental fee of $222.20 per month was charged in addition to a charge for a periodic removal of the compacted refuse.
General Statutes 52-572m(b) provides that a product liability claim include all claims for personal injury "caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product." Under subsection (a) of the Statute, a "product seller" also includes "lessors or balers of products who are engaged in the business of leasing or balement of products." The Product Liability Act provides the exclusive remedy for all claims within its scope. Winslow v. Lewis-Shepard Inc.,212 Conn. 462 (1989); Daily v. New Britain Machine Company,200 Conn. 562 (1986).
The issues is therefore presented as to whether the claims of CT Page 4180 the plaintiff are within the scope of the Product Liability Act so that a negligence action may not be maintained. Under the contract between the defendant and Grand Union, the defendant, as part of its business, provides the compactor unit for a rental charge and would therefore be a lessor and a product seller within the meaning of the Statute.
Some of the claims asserted by the plaintiff (for example the failure to supply an emergency shut-off switch) might well be within the scope of the Product Liability Act and therefore not subject to redress under a claim of negligence. However, the plaintiffs complaint also asserts that the defendant failed to maintain the unit in question by failing to replace a lip on the unit which previously existed prior to the time repairs were performed by the defendant. The documentary evidence submitted by the plaintiff, indicates that there is factual support for a claim that the lip in question was repaired on various occasions by the defendant and that the lip was not fixed because the defendant did not believe it was necessary to do so. Thus, the evidence presented by the plaintiff is sufficient to raise a factual question that the plaintiff's injury was caused by the defendant's failure to properly repair the compactor unit after it was initially delivered to the Grand Union Company.
If the claims of the plaintiff were based upon an assertion that there was a failure to repair or maintain the unit prior to the time it was delivered to Grand Union, then the action would be one in which the redress sought by the plaintiff would be based upon the Product Liability Act and not upon a claim of negligence. Rodia v. Tesco Corporation, 11 Conn. App. 391 (1987). The Rodia case, however, limited its application to a holding that a predelivery negligent maintenance and repair is within the scope of a product liability claim. See, page 395. Rodia does not purport to establish the same principle with respect to claims arising out of a post-delivery failure to repair or maintain a product.
The court therefore holds the cause of action asserted by the plaintiff relates, at least in part, to claims of negligence arising out of a failure to repair or maintain the unit after it was delivered to the Grand Union Company. As such, the claims are not within the scope of the Product Liability Act. See, Royal Insurance Company v. Belle Camperland, Inc., 2 Conn. L. Rptr. 707
(1990) (Mulcahy, J.).
Accordingly, the Motion for Summary Judgment is denied.
RUSH, J. CT Page 4181