[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO MOTION FOR SUMMARY JUDGMENT, #132
ISSUE
Whether the court should grant the defendant's motion for summary judgment because there are no genuine issues of material fact and the defendant is entitled to judgment as a matter of law. CT Page 6752
FACTS
The following facts are alleged in the plaintiff's revised complaint, #117. At all relevant times, the defendant, Zemel Brothers, Inc. ("Zemel"), was the owner of a ski facility in Middlefield, Connecticut, known as Powder Ridge. On February 18, 1990, the plaintiff, Hans Lofgren, purchased a night lift ticket and rented equipment from the defendant in the form of a snowboard manufactured by the defendant Burton Corporation ("Burton") for use on Powder Ridge. While using the snowboard on Powder Ridge, the plaintiff fell and snapped his left leg and suffered other physical injuries.
In his first count, the plaintiff alleges that his injuries were caused by Zemel's negligence in one or more of the following ways:
 a. Zemel failed to assist the plaintiff, a first-time user, in choosing appropriate equipment;
 b. Zemel failed to inquire about the plaintiff's height, weight and snowboarding experience to enable them to provide the plaintiff with the proper equipment;
 c. Zemel failed to test and/or adjust said equipment to ensure its safety before it was provided to the plaintiff;
 d. Zemel failed to allow the plaintiff an opportunity to become accustomed to the equipment before descending the slope;
 e. Zemel failed to provide an area where beginners could become accustomed to the snowboarding equipment before descending the slope;
 f. Zemel failed to warn the plaintiff of the dangerous propensities of the equipment, including the fact that the bindings of the snowboard would not release if the plaintiff fell; and
 g. Zemel failed to provide the plaintiff with instruction and guidance in the use of the snowboard despite its dangerous CT Page 6753 propensities.
In the second count, the plaintiff alleges that Burton sold the snowboard on which he was injured to Zemel and that the snowboard was expected to and did reach the plaintiff without substantial change in the condition it was sold. The plaintiff alleges that Burton and Zemel are liable for the plaintiff's injuries by virtue of General Statutes Sec. 52-572m, et seq., the product liability act.
Zemel now moves for summary judgment on count one of the plaintiff's revised complaint. The pleadings are closed. The plaintiff and Zemel have filed memoranda of law. The plaintiff and Zemel have not appended any documentation to their memoranda because the facts are not in dispute and only a question of law is presented. See Boulay v. Bigonesse 3 CSCR 320, 321 (February 22, 1988, Noren, J.).
DISCUSSION
 "`Practice Book Sec. 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."'" Gurliacci v. Mayer, 218 Conn. 531, 561-62, 590 A.2d 914 (1991).
Zauner v. Brewer, 220 Conn. 176, 180, 596 A.2d 388 (1991).
"[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990) (citations omitted). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id., 246-47 (citations omitted). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw,193 Conn. 442, 445, 476 A.2d 582 (1984) (citation omitted).
A motion for summary judgment may be used to test the legal sufficiency of a complaint after the pleadings are closed. Meyer v. Valley Forge Insurance Co.,3 Conn. L. Rptr. 595, 596 (April 11, 1991, Maiocco, J.).
Zemel argues that the negligence action pled in CT Page 6754 the first count of the revised complaint is legally insufficient because the plaintiff has pled an action under the product liability statute and General Statutes Sec. 52-572n
provides that an action under the product liability statute forecloses all negligence actions based on the use of a product.
General Statutes Sec. 52-572n provides:
 "A product liability claim as provided in Sections 52-240a, 52-240b, 52-572m to 52-572r, inclusive, and 52-577a may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty for harm caused by a product."
Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 465,562 A.2d 517 (1989). The Winslow court stated that "[t]he legislative history is unequivocal . . . . [T]he legislature clearly intended to make our products liability act an exclusive remedy for claims falling within its scope." Winslow v. Lewis-Shepard, Inc. supra, 471; Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 73, 579 A.2d 26 (1990). General Statutes Sec. 52-572m(b) provides that a product liability claim "includes all claims for personal injury, death of property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product." Rodia v. Tesco Corporation, 11 Conn. App. 391, 393, 527 A.2d 721 (1987). General Statutes Sec. 52-572m(a) provides that the product liability act is applicable to "lessors or bailors of products who are engaged in the business of leasing or bailment of products." Burkert v. Petrol Plus of Naugatuck, Inc., supra, 72.
The plaintiff argues that the claim alleged in the first count of his revised complaint does not fall within the scope of the product liability act because the basis of the claim is harm caused by Zemel's own negligence, not by the snowboard. The plaintiff further argues that a jury could find that there was no defect in the snowboard but could find Zemel liable for its negligence.
The plaintiff cites Piacitelli v. Cappiali,7 CSCR 644, 6 Conn. L. Rptr. 386 (May 5, 1992, Rush, J.), in support of his argument that its negligence claim is not precluded by the product liability act. The Piacitelli CT Page 6755 court held that a claim based on the negligent failure to maintain or repair a product after it had reached the consumer was not within the scope of the product liability act. Id.; see also Royal Insurance Company v. Belle Camperland, Inc., 5 CSCR 970, 2 Conn. L. Rptr. 707 (October 24, 1990, Mulcahy, J.); Community Lumber Hardware, Inc. v. City Answering Service, 5 CSCR 84 (December 19, 1989, Moraghan, J.). The plaintiff argues that the allegations of the first count of the revised complaint do not fall within the scope of the products liability act because the allegations deal with conduct subsequent to the delivery of the product to the consumer.
The present case is distinguishable from the facts involved in Piacitelli because in the present case the allegedly negligent acts took place concurrently with the rental of the snowboard and were a part of the transaction. "[A]n allegation that a lessor negligently fails to repair or maintain its product prior to leasing it, states a `product liability claim.' General Statutes Sec. 52-572m(b)." Rodia v. Tesco Corporation, supra, 395.
Furthermore:
 [t]he characterization of the types of conduct or activity enumerated in General Statutes Sec. 52-572m(b) must be broadly construed in light of the purposes of the statute. A principal purpose of the product liability statute is to protect people from harm caused by defective and hazardous products. In order to meet this purpose, it is necessary that the statute be read to reach all conduct which affects the safety of a product prior to its entry into the stream of commerce. The terms enumerated in General Statute Sec. 52-572m(b) are simply generic categories of conduct which must be read broadly and in relationship to one another in order to accomplish the purpose of the statute.
Accordingly, the acts complained of fall within the scope of the product liability act.
CONCLUSION
The court grants Zemel's motion for summary judgment on the first count of the revised complaint because CT Page 6756 there are no genuine issues of material fact and Zemel is entitled to judgment as a matter of law.
AUSTIN, J.